[No. 8,115.—In Bank.]

## THE BANK OF WOODLAND *v.* G. W. HIATT.

COSTS — REPORTER'S TRANSCRIPT — APPEAL.—After a judgment for the plaintiff the defendant moved for a new trial, and in order to prepare his statement procured and paid for the Reporter's transcript of the evidence; but before the statement was settled, the judgment was reversed, upon an appeal therefrom upon the judgment roll, and the cause remanded with directions to enter judgment for the defendant. Upon the entry of judgment, the defendant filed his memorandum of costs in the lower and in the Supreme Court, including in the former the amount expended for the Reporter's transcript; and this amount, on motion, was stricken out by the Court.

*Held:* The order was right; the appellant was entitled, in addition to his costs and disbursements up to the entry of judgment, to recover only such costs and disbursements as he was put to by reason of taking the appeal.

APPEAL from an order of the Superior Court of the County of Yolo, retaxing defendant's costs. BUSH, J.

*W. B. Treadwell,* for Appellant.

*J. C. Ball, C. P. Sprague,* and *John W. Armstrong,* for Respondent.

The COURT:

On the twenty-sixth day of September, 1879, the cause was tried, without a jury, in the late District Court of the Sixth Judicial District. On the fourteenth day of October, 1879, said Court filed its decision in writing, and ordered judgment to be entered in favor of plaintiff and against defendant, which judgment was accordingly entered on the same day; on the eighteenth day of November, 1879, said defendant gave notice of his intention to move for a new trial in said action; on the twelfth day of October, 1880, said defendant appealed to the Supreme Court of said State from the whole of said judgment, and thereafter such proceedings were had in said Supreme Court, that on the sixteenth day of June, 1881, said judgment was reversed with costs by said Supreme Court, and said cause remanded to the Superior Court of said State, in and for the said Yolo County, with directions to enter judgment on the findings in favor of said defendant; on the twenty-third day of July, 1881, the remit-

titur of said Supreme Court in said action was filed in the office of the Clerk of said Superior Court, and that on the twenty-fifth day of July, 1881, said Superior Court, in obedience to said judgment of said Supreme Court, entered judgment in said action in favor of said defendant and against said plaintiff for costs.  On the twenty-fifth day of July, 1881, said defendant filed and served two memoranda of his costs and disbursements in said action, and upon said appeal, of which the following are copies:

### No. 1.

Memorandum of costs and disbursements:
[Title of Court and Cause.]

| | |
|---|---:|
| Sheriff's fees........................................ | $19 20 |
| Clerk's fees ........................................ | 13 00 |
| Witness' fees, I. N. Hogden, 2 days, 1 mile........ | 4 20 |
| Witness' fees, J. C. Welch, 2 days, 1 mile.......... | 4 20 |
| Witness' fees, J. D. Lawson, 2 days, 1 mile........ | 4 20 |
| Witness' fees, R. A. Grant, 2 days, 1 mile.......... | 4 20 |
| Witness' fees, G. J. Cole, 2 days, 1 mile............ | 4 20 |
| Witness' fees, A. A. Hoytt, 1 day, 30 miles........ | 8 00 |
| Reporter's fees, per diem, $10; transcript, $80.65... | 90 65 |
| | $151 85 |

(Duly verified.)

### No. 2.

Memorandum of costs and disbursements in Supreme Court:
[Title of Court and Cause.]

| | |
|---|---:|
| Clerk's fees—Supreme Court..................... | $15 00 |
| Printing transcript............................. | 15 00 |
| | $30 00 |

(Duly verified.) ·

On the ninth day of August, 1881, said plaintiff served and filed a motion to tax.  Said last-mentioned motion came on regularly to be heard on the eighth day of September, 1881, whereupon defendant expressly waived all objections to the hearing of said motion, on the ground that the same was not made in time, and plaintiff expressly waived all objections to the items of costs in said memoranda contained, except as to

the item of eighty dollars and sixty-five cents for reporter's transcript of evidence.

And thereupon it was proved by testimony then and there given, that defendant, immediately after service of said notice of intention to move for a new trial, procured from the official reporter who took the testimony at the trial of said cause, a duly certified transcript in long hand of the testimony given, and proceedings had, at said trial, and paid said reporter therefor the said sum of eighty dollars and sixty-five cents, being the legal fees therefor.   That said transcript was procured by defendant in good faith, for the purpose of preparing his bill of exceptions, to be used upon said motion for new trial, and the same was so used by defendant.   That thereafter defendant duly prepared and served upon the attorneys for plaintiff his bill of exceptions reciting the facts above stated, and at the same time delivered to them said transcript of said reporter's notes, and the said transcript was used by plaintiff's attorneys in preparing their amendments to said bill of exceptions, and thereafter remained and still remains in their possession subject to the order of defendant. That thereafter plaintiff's said attorneys duly prepared and served their amendments to said bill of exceptions; but by reason of time mutually given for the preparation of said bill and amendments, said amendments were served on the tenth day of October, 1880, for which reason defendant appealed from said judgment on the twelfth day of October, 1880, and said bill of exceptions was never settled, and said motion for new trial never heard.

And the Court having heard the evidence and the argument of counsel, took the matter under advisement; and on the nineteenth day of September, 1881, made and entered an order granting said motion, in the words following, to wit:

"[Title of Court and cause.]

"It is ordered, that in the motion to tax costs, the item of eighty dollars and sixty-five cents for transcribing testimony be stricken out, and the costs fixed at seventy-one dollars and twenty cents."   To which order defendant then and there duly excepted.

From the order taxing the costs by striking out the item for reporter's fees plaintiff has appealed.

We think the Court below was right. Upon the reversal of the judgment of the District Court, appellant became entitled, in addition to his costs and disbursements paid and incurred up to the entry of the judgment, to recover only such costs and disbursements as he was put to by reason of taking the appeal. (C. C. P., §§ 274, 1033, 1034; *Ex parte Burrill*, 24 Cal. 350.)

Order affirmed.