91  103
126  149

91  103
130  301

</div>

[No. 14170.   Department Two. — September 9, 1891.]

GEORGE MILLER, RESPONDENT, v. HIGHLAND DITCH COMPANY ET AL., APPELLANTS.

COSTS — MOTION TO RETAX — DISCRETION — APPARENT NECESSITY OF CHARGES — BURDEN OF PROOF. — Although the allowance or disallowance of items of costs incurred upon the trial of an action must be left in nearly every case to the discretion of the trial court, and the memorandum of costs, when properly verified, should, unless controverted, control the decision of the court, where the charges appear on their face to be for proper and necessary disbursements, yet where any charges do not so appear, the burden of proof is on the party claiming the costs, and in the absence of evidence justifying and sustaining the charges, they should be stricken out on motion.

ID. — CHARGE FOR MAP — PROOF REQUIRED FROM CLAIMANT — PRESUMPTION. — A charge of five hundred dollars for a map, in a bill of costs, does not appear upon its face to be a proper or necessary disbursement, and when controverted by motion to retax should not be allowed, unless justified and sustained by proof on the part of the claimant, in addition to the verification of the cost-bill that the disbursement was a necessary and proper one.

APPEAL from an order of the Superior Court of San Bernardino County refusing to retax costs.

The facts are stated in the opinion.

*Byron Waters, Waters & Gird,* and *George E. Otis,* for Appellants.

The item of the sum paid for the map should have been stricken from the cost-bill. (*Mark* v. *City of Buffalo,* 87 N. Y. 189; *Faulkner* v. *Hendy,* 79 Cal. 265; *Haynes*

v. *Mosher,* 15 How. Pr. 218; *Hannel* v. *Dare,* 9 Bosw. 648.) The motion to tax costs by the defendants made it the duty of the court as to each disputed item, if not as to all items, to require the plaintiff to show that the items were proper charges against the defendants as costs, and the plaintiff failing, at the hearing, to show the court that the disputed items were proper charges, the court should have stricken them from the cost-bill. The motion of itself put in issue each disputed item. (See Code Civ. Proc., sec. 1033.) The affirmative of this issue was upon the plaintiff, and he ought to have produced evidence to support it. (Code Civ. Proc., sec. 1981; *Estate of Wooten,* 56 Cal. 325.)

*Harris & Gregg,* and *Willis, Cole, & Craig,* for Respondent.

The affidavit in support of the memorandum of costs, unless controverted, should control the decision of the court. (*Barnhardt* v. *Kron,* 88 Cal. 447.)

BELCHER, C. — This is an appeal from an order of the court below refusing to retax the plaintiff's costs.

It appears from the bill of exceptions that a duly verified memorandum of costs, a copy of which is set out, was filed by the plaintiff in proper time.

One of the items in the memorandum is as follows: "Paid J. B. Pope for map introduced in evidence, adopted by judge in his findings, and made part thereof, five hundred dollars."

Other items are for the attendance of witnesses a stated a number of days.

The defendants served and filed in due time notice of motion to retax the costs, and their objection to the item above quoted was: "1. That the same is not a proper charge, nor authorized by law to be included in plaintiff's bill of costs; 2. That said charge is excessive, and far beyond the value of said map; that said map is of not any greater value than five dollars, and could not have cost the plaintiff herein a greater sum."

The objections to the other items were, that the charges were for a greater number of days than the witnesses were actually in attendance.

"Thereafter the defendants' said motion came on regularly for hearing before the court, both parties appearing by counsel, and plaintiff introduced no evidence whatever, whereupon the court refused to strike out any part of any of the said items of costs, and denied defendants' said motion, to which ruling the defendants did then and there duly except."

The respondent contends that in a case like this the burden is upon the party moving to strike out, and that as no evidence was offered at the hearing of the motion as to the circumstances under which the map was made and introduced in evidence, or as to its value, it must be presumed that the court below did not abuse its discretion in allowing the charge therefor to stand as made. And, in support of this position, *Barnhardt* v. *Kron*, 88 Cal. 447, is cited.

In that case a cost-bill was filed, and all the items in it were for the attendance of witnesses, and the fees of the sheriff, clerk, and reporter. A motion was made to retax the costs, by striking out each and every item thereof, upon the ground that none of the items were incurred by the respondent in establishing his defense to the action, but that each of them was incurred by his co-defendant. The motion was denied by the trial court, and on appeal it was held that the allowance or disallowance of items for the expenses and disbursements incurred upon the trial of an action must be left, in nearly every instance, to the discretion of the judge before whom the cause was tried; that there was nothing in the record showing that the court did not properly exercise its discretion in refusing to strike out the items objected to; and that the memorandum of costs was properly verified, "and, unless controverted, should control the decision of the court."

This is undoubtedly the correct rule where the charges appear on their face to be for proper and necessary dis-

bursements in the action.    The rule, however, ought not
to be extended, and, in our opinion, it should not be
applied where the charges do not appear on their face
to be proper and necessary.    In such cases the burden
should be on the claimant, and not on the moving party,
and if he fails to introduce evidence to justify and sus-
tain his charges, they should be stricken out on motion.

For example, if the prevailing party should put in his
cost-bill charges for the services of an expert accountant,
or of a surveyor in the field, such charges would not
appear on their face to be necessary disbursements
(*Faulkner* v. *Hendy*, 79 Cal. 265; *Haynes* v. *Mosher*, 15
How. Pr. 216; *Mark* v. *City of Buffalo*, 87 N. Y. 189); and
he ought not to be permitted to rest on his oars and
say, because the court *may* have appointed the expert
or directed the survey, that his verified memorandum,
unless controverted by proofs on the other side, must
control the decision.

In this case we think the charge for the map comes
within the exception above stated.    Presumably, the
map was made for the plaintiff and at his request, and
the burden was therefore upon him to show that the
disbursement was a necessary and proper one in the
action.

We advise that the order be reversed and the cause
remanded, with instructions to the court below to sus-
tain the motion of defendants to strike out from the
cost-bill the item of five hundred dollars above men-
tioned.

VANCLIEF, C., and FITZGERALD, C., concurred.

The COURT. — For the reasons given in the foregoing
opinion, the order is reversed, and the cause remanded,
with instructions to the court below to sustain the motion
of defendants to strike out from the cost-bill the item of
five hundred dollars above mentioned.