COLUSA PARROT MINING & SMELTING CO. v. ANACONDA COPPER-MIN. CO.

(Circuit Court, D. Montana. September 20, 1900.)

COSTS—TAXATION—CONSTRUCTION OF RULES.
    Under Cir. Ct. Rules 17 and 18, which were designed to conform the practice in regard to the taxation of costs, as nearly as practicable, to that of the state courts under the statute, a bill of costs filed by the successful party within the required time, properly itemized and verified, is prima facie evidence that the items thereof were necessarily incurred and are properly taxable, unless an item should appear otherwise on its face; and the burden of overcoming such prima facie proof rests on the adverse party filing objections, the party filing the bill being required to furnish further proof only in rebuttal. In case the clerk should determine that an item did not appear on its face to be properly taxable, he may receive evidence in support of the same.

On Motion for Leave to File Proofs in Support of a Bill of Costs.

F. E. Corbett and McHatton & Cotter, for plaintiff.
W. W. Dixon, Wm. Scallon, and J. K. Macdonald, for defendant.

KNOWLES, District Judge. This cause was tried on its merits, and judgment was rendered for the defendant. Within the time provided by a rule of this court the defendant filed with the clerk of the court an itemized bill of costs and disbursements, verified by the affidavit of one of its attorneys. Plaintiff filed objections to this bill of costs, and the matter came up before the clerk of the court for hearing. Defendant then offered to make proof as to its items of costs and disbursements in this proceeding. The clerk took this matter under advisement. Pending the consideration of this question by the clerk, the defendant made application to this court for 15 days' time in which to file its proofs as to the said items of costs and disbursements. The plaintiff resists this application. The question is thus presented to the court as to the proper construction of its rules 17 and 18, as to the burden of proof as to items of costs and disbursements in a cost bill: These rules are as follows:

"Rule 17. The party in whose favor a judgment at law or decree in equity is rendered, and who claims his costs, shall, within five days after the rendition of the verdict, or after notice of the decision of the court, referee, or commissioner—or if the entry of judgment or decree on the verdict or decision is delayed by order of the court, then before such entry is made—deliver to the clerk of the court, and serve on the attorney or solicitor of the adverse party, a copy thereof, together with a notice of application to have the same taxed, a memorandum of his costs and necessary disbursements in the action or proceeding, distinctly specifying each item so that the nature of the charge can be readily understood: which memorandum shall be verified by the oath of the party, or his agent, attorney, or solicitor, or by the clerk of such attorney or solicitor, stating that the items are correct, and that the disbursements have been necessarily incurred in the action or proceeding, and shall be accompanied by the evidence of service thereof, and of said notice upon the attorney or solicitor of the adverse party: provided, that said memorandum of costs need not contain the legal fees of any marshal, clerk or other officer of the court, or any witness fees when an affidavit of such witness' attendance and distance travelled is made before the clerk of the court, specifying the number of days in actual attendance before the court, and the distance actually travelled in order to attend upon the court, and that such attendance was made and distance travelled at the instance of one or both of the parties to the action or suit, and filed with the clerk of the court. The notice specified above, of a decision, may be by the presence of the attorney or solicitor at its announcement, or by written notice from the clerk of the court, or the attorney or solicitor of the adverse party. The notice of the application to the clerk to tax the costs shall specify the day and hour at which such application shall be made, which shall not be less than one nor more than three days from the date of the notice. Upon a failure to file such memorandum, notice and evidence of costs, the same shall be deemed waived. * * *

"Rule 18. At the time specified in the notice, the party objecting to any item of costs contained in the said memorandum, or to any item of fees charged by any clerk, marshal, or witness, shall present his objections, either orally or in writing, specifying each item to which objection is made, and the ground of the objection, and file any affidavit, or other evidence relied on, if any there be, to support his objections, which evidence may be rebutted by other evidence. The clerk shall thereupon proceed to tax the costs, and shall allow such items specified in said memorandum, and the fees charged by any clerk, marshal or witness as are properly chargeable as costs, and shall include in the judgment or decree entered, any interest on the verdict or decision of the court from the time it was rendered. And he shall, within two days after the costs shall be finally taxed, insert the same in a blank left in the judgment or decree, for the purpose, and shall make a similar insertion of the costs in the copies and docket of the judgment or decree. The taxation of

costs made by the clerk shall be final, unless modified on appeal, as provided in rule 19."

These rules were made with a view of conforming, as near as could be, consistently with the laws of the United States, to the practice as to the taxation of costs in this court as provided by the laws of Montana, and contained in sections 507–510 of the Compiled Statutes of 1887, which read as follows:

"Sec. 507. The party in whose favor judgment is rendered, and who claims his costs, shall deliver to the clerk of the court, within two days after the verdict or decision of the court, a memorandum of the items of his costs and necessary disbursements in the action or proceeding; which memorandum shall be verified by the oath of the party, or his attorney, stating that the items are correct, and that the disbursements have been necessarily incurred in the action or proceeding.

"Sec. 508. But such memorandum need not include the legal fees or costs of any officer of the court, or any witness fees when an affidavit of such witness' attendance is required by law to be made.

"Sec. 509. If any party shall include in such memorandum any item to which he is not entitled, or if any clerk. sheriff, referee, or other officer shall include such item in the taxed costs, and a motion to retax the same shall be made by the party against whom the same is taxed, and if such motion to retax shall prevail, there shall be taxed, as a part of the cost of such motion, a docket fee of twenty-five dollars, and judgment therefor, with the other costs allowed by law, shall be entered against the party, sheriff, referee, clerk, or other officer who so unlawfully taxed the same, and the same may be off-set against any costs or judgment in favor of the party or officer so improperly taxing such cost, and against the party making such motion; or if no judgment exists, the court may direct that the party making such motion have execution therefor.

"Sec. 510. A party dissatisfied with the costs claimed may, within ten days after notice of filing of the bill of costs, file a motion to have the same taxed by the court in which the judgment was rendered, or by the judge thereof, at chambers."

The statute of Montana is similar to the statute of California on the same subject. The statute of California has received a construction by the supreme court of that state, in the case of Barnhart v. Kron, 88 Cal. 447, 26 Pac. 210, where that court says:

"The memorandum of costs filed by the respondent is supported by the affidavit of his attorney 'that the foregoing items of costs and disbursements in this action are correct, and that the said disbursements have been necessarily incurred in the said action,' and, unless controverted, should control the decision of the court."

In the case of City of San Francisco v. Collins, 98 Cal. 263, 33 Pac. 57, the court says:

"The verified bill of costs filed by the appellant was prima facie evidence that the items thereof had been necessarily incurred, and since no objection was made in the trial court, nor here, on the ground that they were not proper costs necessarily incurred, the prima facie evidence must be taken as conclusive for the purpose of the appeal."

I am satisfied that the above rules of the court should be construed the same as the statute of California, as announced in the above-quoted decisions.

The language of rule 18 would indicate that the mode of practice adopted required the party objecting to the bill of costs to file his objections thereto, and it is provided that his objections shall be supported by any affidavit or other evidence relied on, and that this evi-

dence may be rebutted by other evidence. This rebutting evidence undoubtedly refers to evidence that may be introduced on the part of the party claiming the costs. The items of costs must be such as are allowed by law. If a party embraces within his items of costs expenses not allowed by law, there would be no necessity of any evidence to sustain any objection to the same, or to support the same. In the case of Ethridge v. Jackson, 2 Sawy. 600, Fed. Cas. No. 4,541, it was held that reference should be had to the state statute in determining what should be allowed as costs. In the case of Miller v. Ditch Co., 91 Cal. 103, 27 Pac. 536, it is held that where items of costs, upon their face, do not appear proper and necessary, the burden should be on the claimant to introduce evidence to justify and sustain that the charges made were proper and necessary, and not upon the party contesting the same. This rule would require that some one should determine whether or not certain items of costs appear upon their face to have been proper and necessary, and of the class allowed by law. Under the rules of this court, in the first instance this duty would devolve on the clerk, and in such case there would be no objection to his receiving evidence in regard to the same, in determining whether or not an item of cost claimed was a proper and necessary charge. In this case, if the clerk should determine that upon its face a certain item of cost did not appear to be a proper and necessary charge, as such, he might receive evidence to determine whether this was correct; but where the item of cost appears to be proper, and of the class allowed by law as costs, then no evidence should be received from the claimant in regard to the same, except in rebuttal of evidence introduced by the party resisting the allowance and taxation of such charge. The filing and service of a properly itemized bill of costs, wherein each charge is so distinctly specified that it can be readily understood, and which is verified by the affidavit of the party or the attorney, prima facie establishes the validity thereof. Where the statute of the state prescribes the mode in which a party should proceed to have his costs taxed, that mode should be followed. Under the statute law of Montana now existing, it appears that the party claiming costs should file, within five days after notification of the judgment rendered in his favor, a memorandum of costs. If the losing party does not, within the time prescribed by law, file objections to such memorandum of costs, it is considered that he has agreed to the same. If, however, such losing party does file objections to the same, then the question of retaxing such costs is to be brought before the court or judge that tried the cause. Under the statute laws of the United States (Rev. St. § 983), it is provided that the costs of a case shall be taxed by a judge or clerk of the court. As the statute law of the state does not regulate the proceedings for taxing costs before a clerk of a court in which the cause was tried, I conceive that it is a matter which can be regulated by the rules of court. It is therefore held that the clerk may proceed to determine the question of the taxation of the costs in this case, and he may admit evidence as to whether any item charged was a proper and necessary expense, in accordance with the views above expressed.