[S. F. No. 4884. In Bank.—December 26, 1907.]

In the Matter of the Estate of EDWIN FRETWELL, Deceased.

APPEAL—ESTATES OF DECEASED PERSONS—FAMILY ALLOWANCE—CREDITOR MAY APPEAL FROM ORDER.—A creditor of an insolvent estate of a deceased person is a party aggrieved by an order of family allowance erroneously made, and under section 938 and subdivision 3 of section 963 of the Code of Civil Procedure may take an independent appeal therefrom. It is immaterial that such order may be made without notice.

MOTION to dismiss an appeal from an order of the Superior Court of Marin County granting a family allowance. Thomas J. Lennon, Judge.

The facts are stated in the opinion of the court.

John Flournoy, for Appellant.

Barclay Henley, Jos. K. Hawkins, and Critttenden Thornton, for Respondent.

THE COURT.—This is a motion to dismiss an appeal taken by a creditor of deceased from an order making a family allowance to the surviving wife.

The sole ground of the motion is that a creditor of the deceased may not maintain such an appeal. It appears from the record that appellant claimed in the court below that the estate is insolvent, and that the order making the allowance appears to have been made on that theory, for it limits the allowance to a period of twelve months, and provides that it is made without prejudice to application for a further allowance "in case hereafter said estate should turn out to be solvent." We can conceive of no ground upon which it can be held that a creditor of an insolvent estate, who must look to the general assets for the payment of his claim, is not a party aggrieved by an order of family allowance erroneously made, the necessary effect of such an order being to diminish the amount he would otherwise receive on account of his claim. The statute expressly provides that an appeal may be taken

from such order (Code Civ. Proc., sec. 963, subd. 3), and that any party aggrieved may appeal (Code Civ. Proc., sec. 938). It has never been held that such a creditor may not maintain an appeal. On the other hand, this court has annulled on *certiorari* an order requiring an administrator to pay family allowance theretofore ordered during the pendency of an appeal taken by other claimants to the estate from the order granting the allowance. (*Pennie* v. *Superior Court*, 89 Cal. 31, [26 Pac. 617].) It does not assist respondent that this court has held that the executor or administrator may appeal from an order directing him to pay monies as family allowance. Such ruling does not exclude an appeal by a creditor. While the executor or administrator may properly be held to be a party aggrieved by such an order, the creditor may also be such a party, and as such the statute gives him his own appeal. Nor is it material that an order for family allowance may be made without notice.

The motion to dismiss the appeal is denied.

Rehearing denied.