[S. F. No. 5317.  Department One.—April 4, 1910.]

In the Matter of the Estate of THOMAS BELL, Deceased. TERESA BELL, Appellant, v. NATIONAL BANK OF D. O. MILLS & CO., Respondent.

APPEAL—DISTINCT APPEALS FROM PROBATE ORDER—DISTINCT IDENTICAL TRANSCRIPTS—NECESSITY—REVERSAL—TAXATION OF COSTS.—Where distinct appeals by different parties aggrieved were taken from the same probate order, and distinct identical transcripts were necessarily presented upon each appeal, each appellant or set of appellants, upon reversal of the order, is entitled to tax the costs of each transcript so presented.

ID.—UNITED APPEAL BY MANY PARTIES—SEPARATE APPEAL BY ONE—COSTS.—The fact that many parties united in one appeal from the order, and upon reversal thereof the cost of the transcript united in by them and taxed was paid by respondent, cannot preclude a remaining party upon a separate later appeal from recovering upon reversal of the order upon his appeal the cost of an identical transcript necessarily presented by him.

ID.—MOTION TO STRIKE OUT COSTS OF DISTINCT TRANSCRIPT AS UNNECESSARY—CONFLICTING AFFIDAVITS—PRESUMPTION UPON APPEAL. Upon a motion by the appellant to strike out the costs of the distinct transcript as unnecessary, where the affidavits presented upon the motion were conflicting, it must be presumed upon appeal from the order refusing to retax the costs that every conflict was resolved

against the appellant from the order and in favor of the respondent. The credibility of witnesses, whether testifying orally or by affidavit, is for the trial court.

ID.—REFUSAL BY APPELLANT TO STIPULATE FOR COMMON TRANSCRIPT.— USE OF DISTINCT TRANSCRIPT JUSTIFIED.—Where the affidavits for respondent upon such motion clearly showed the refusal by appellant's counsel to unite in a proposed stipulation by respondent's counsel for use of the common transcript, the court was fully justified in charging the costs of the respondent's distinct transcript against the appellant from the order refusing to retax the costs thereof.

ID.—ABSOLUTE RIGHT TO DISTINCT APPEAL.—The bank, respondent here, had the absolute right as a party aggrieved to appeal separately from the probate order if it so desired; and such distinct appeal having been made necessary, it became necessary, under the rules of this court, to file its transcript therein within time.

ID.—REFERENCE TO OTHER TRANSCRIPT NOT ALLOWED.—There is no rule or statute authorizing an appellant to dispense with the filing of a transcript by making reference to a transcript on file in another case.

ID.—TRANSCRIPT UPON APPEALS BY SEPARATE INDEPENDENT APPELLANTS. —The appeals by separate independent appellants are not required to be embodied in a single transcript; and one appellant cannot compel another to unite with him in the printing and filing of a transcript.

ID.—NECESSITY FOR SEPARATE TRANSCRIPT AVOIDABLE BY STIPULATION.— In such case the necessity for filing a separate transcript might be obviated by a stipulation of all the parties for use of one transcript.

ID.—REFUSAL OF OFFERED STIPULATION—ESTOPPEL OF RESPONDENT.— Where the appellants in both appeals were willing to stipulate for the use of a common transcript, but such proposed stipulation was prevented by the conduct of the respondent in both appeals in refusing to join therein, it does not lie in her mouth after such refusal to complain that the additional cost of a second separate transcript was incurred upon the second separate appeal; and the resulting burden of such cost caused by her own conduct and which she might have avoided by joining in such stipulation properly falls upon her.

ID.—APPLICATION FOR ORDER OF COURT FOR COMMON TRANSCRIPT NOT REQUIRED — ABSENCE OF RULE — OBJECTION OF RESPONDENT.—The bank was not required to apply for an order of court that the two appeals be heard upon a single transcript. There is no rule providing for such order; and it is doubtful whether it would be made over the objection of a respondent that the filing of separate transcripts is essential to the protection of her rights. At any rate, where such insistence has influenced the action of the appellant in filing his transcript, the respondent should not be permitted, after the disposition of the appeal, to shift his position and claim that the filing was unnecessary.

CLVII Cal.—34

Id.—Cost of Printing—Transcripts Not Printed from Same Forms.—Distribution—New Printing Required.—The charge for printing was not excessive, as having been printed from a common form, where it appears that before the second printing was ordered the form had been distributed, and a new form was required to be set for the printing of the additional transcript.

Id.—Expense of Certification Required.—The expense of providing the clerk's certificate to the transcript was required, where it sufficiently appears that respondent's attorney refused to join in certifying to its correctness.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing to retax costs. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

T. Z. Blakeman, for Appellant.

James M. Allen, for Respondent.

SLOSS, J.—Appeal from an order denying a motion to tax costs on appeal.

Teresa Bell applied to the court in which the estate of Thomas Bell, her deceased husband, was pending, for an order of family allowance. Nineteen creditors appeared and opposed the application. An order granting the allowance was made. From this order the creditors appealed. Eighteen of them joined in a single notice of appeal. A separate notice was given by the nineteenth, the National Bank of D. O. Mills & Co. The appeals came up separately, that of the eighteen being numbered S. F. 4582, and that of National Bank of D. O. Mills & Co., S. F. 4583. In each case the order was by this court reversed. (153 Cal. 331, [95 Pac. 372]; 153 Cal. 345, [95 Pac. 378].) In due time the successful appellant in No. 4583 filed its memorandum of costs, claiming costs in the sum of $577, made up as follows: For printing transcript, $544.50; paid clerk of superior court for certifying to transcript, $22; paid clerk of supreme court for filing transcript, $10; fees of clerk of superior court on filing *remittitur* from supreme court, 50 cents. The respondent (appellant here) moved the court to tax the costs by striking out the items for printing and for certifying transcript on the ground that they were excessive and unnecessary.

The position of the appellant is that she had already paid the full cost of printing and certifying the transcript in 4582; that this transcript, with the exception of the notice of appeal, is an exact duplicate of that filed by the appellant in 4583, and that there was no occasion for filing two transcripts. The affidavits bearing on these questions present various points of conflict. It is, of course, plain that in support of the order appealed from we must assume that every such conflict was resolved by the trial court in favor of the respondent. The credibility of the witnesses, whether testifying orally or by affidavit, is for the trial court. Reading the record in the light of this elementary rule, we find that the trial court had before it evidence justifying it in believing this to be the state of facts: Of the nineteen creditors who opposed Mrs. Bell's application for family allowance, two, D. O. Mills and National Bank of D. O. Mills & Co., appeared and were represented by Mr. James M. Allen. The other seventeen, including one Louisa J. Thompson, were represented by Mr. J. F. Leicester. Mr. T. Z. Blakeman appeared as attorney for the petitioner, Mrs. Teresa Bell. The reason for the taking of a separate appeal by the National Bank of D. O. Mills & Co. was that Mr. Leicester, on behalf of Louisa J. Thompson, refused to join said National Bank in taking an appeal. Before the filing of a transcript on either appeal, Mr. Leicester, at the request of Mr. Allen, wrote a letter to Mr. Blakeman, requesting him to stipulate that both appeals might be heard on a single transcript. At that time the transcript on the appeal taken by Louisa J. Thompson and others (No. 4582) had already been printed and by adding thereto a copy of the notice of appeal of the said National Bank, the same would have become a full and correct transcript for use on the appeal numbered 4583. Mr. Blakeman replied by a letter stating that he would not stipulate as requested, as he might prejudice his rights by so doing. Mr. Leicester then wrote to Mr. Blakeman offering to stipulate in such manner and form as to protect any rights of Mrs. Bell to object to either of said appeals, and stating that any form of stipulation would be satisfactory to his firm if it would permit the hearing of both appeals on one transcript. To this Mr. Blakeman replied that he declined to sign any stipulation in the matter or to consent that said appeals might be heard on one transcript. Thereupon the National

Bank of D. O. Mills & Co. prepared and filed its separate transcript.

This showing fully justified the court below in charging the cost of printing the additional transcript to the unsuccessful party. It is, of course, true, as claimed by appellant, that only such costs as are necessary should be allowed. (*Bank of Woodland* v. *Hiatt,* 59 Cal. 580; *Miller* v. *Highland,* 91 Cal. 103, [27 Pac. 536].) As a party aggrieved, the bank had a right to appeal from the order (*Estate of Fretwell,* 152 Cal. 573, [93 Pac. 283], and we see no ground for holding that it did not have the absolute right to appeal separately, if it so desired. Be that as it may, the taking of a separate appeal was made necessary here by the refusal of another party to join the National Bank in appealing. Under the rules of this court (rule II, 144 Cal. xl, [78 Pac. vii]), it became necessary for the appellant bank to file its transcript within a certain time after the filing of its notice of appeal. There is no rule or statute authorizing an appellant to dispense with the filing of a transcript by making reference to a transcript on file in another appeal. Nor do we find any case in which it has been held that the appeals of separate independent appellants should be embodied in a single transcript. This course appears to have been followed in *Emeric* v. *Alvarado,* 64 Cal. 529, [2 Pac. 418], but the decision neither holds nor intimates that it is the duty of the different appellants to unite in the filing of a transcript. In *Sharon* v. *Sharon,* 68 Cal. 326, [9 Pac. 187], the court was dealing with several appeals taken in one case by the same party. Indeed, it is difficult to see how one appellant can compel another to unite with him in the printing and filing of a transcript. In such case the necessity for filing a second transcript might be obviated by a stipulation of all the parties. Here the appellants in the two appeals offered to make such stipulation, but the respondent refused to join. It does not lie in her mouth, after such refusal, to complain that an additional transcript was printed and filed. If she had been willing to have the two appeals considered on a single record, her assent to the proposed stipulation would have accomplished the purpose. Her conduct was the direct cause of the printing and filing of two transcripts, and the resulting burden properly falls upon her. It is suggested that the National Bank might have obtained from this court an order that the two appeals

be heard on a single transcript. There is no rule providing for such order. It is at least doubtful whether it would be made over the objection of a respondent insisting that the filing of separate transcripts is essential to the protection of his rights. At any rate, where such insistence has influenced the action of the appellant in filing his transcript, the respondent should not be permitted, after the disposition of the appeal, to shift his position and claim that the filing was unnecessary.

Appellant's contention that the charge for printing was excessive is based upon evidence to the effect that the transcript in 4583 was printed from the same forms as those used for the transcript in 4582, and that for that reason the proper cost of printing was much less than the amount charged. But as against this, the printer's affidavit shows that the forms used in printing the one transcript had been distributed before the other was ordered. The trial court had the right to believe this statement and act upon it.

The charge of $22 for certifying the transcript is justified by the affidavit showing that Mr. Blakeman had refused to join in certifying (by stipulation) to its correctness. (Rule XI of this court, 144 Cal. xiv, [78 Pac. ix].) There is no merit in the point that Mr. Leicester's affidavit to the effect that Mr. Blakeman had returned the transcript to Mr. Allen "with his refusal to certify" was hearsay and inferior evidence and therefore not entitled to be considered as against an adverse showing. It does not appear to be hearsay. For aught that is shown, Mr. Leicester may have been present when Mr. Blakeman communicated his refusal to Mr. Allen. He testified positively to the fact, and we have no right to assume that he was undertaking to state matters not within his own knowledge.

The order is affirmed.

Angellotti, J., and Shaw, J., concurred.