[Civ. No. 2827.    Third Appellate District.—July 1, 1924.]

## EDW. L. SOULE CO. (a Corporation), Respondent, *v.* S. SEVERTSON, Appellant.

[1] APPEAL—TRANSCRIPT—SEPARATE APPEALS — ABSENCE OF STIPULA-TION.—Where a plaintiff has appealed from a judgment under the so-called alternative method and has prepared a transcript, a defendant, appealing from a different part of the same judgment, has no right to rely on and use on his own appeal the transcript prepared by plaintiff, in the absence of a stipulation permitting the use of such transcript.

[2] ID.—SEPARATE APPEALS—TRANSCRIPT—STIPULATION.—The parties may stipulate that their separate appeals may be heard on a single transcript; and in such case, the stipulation is, in effect, that the transcript is sufficient for the determination of both appeals.

(1) 4 **C. J.**, p. 418, sec. 2116.    (2) 4 **C. J.**, p. 418, sec. 2116 (Anno.).

MOTION to dismiss appeal from a judgment of the Superior Court of Shasta County.    Walter E. Herzinger, Judge. Appeal dismissed.

The facts are stated in the opinion of the court.

Carter & Smith for Appellant.

Thelen & Marrin and Carr & Kennedy for Respondent.

FINCH, P. J.—This is a motion by respondent to dismiss the appeal herein on the ground that appellant has not filed a transcript of the record within the time required.    The facts hereinafter stated are admitted.

Plaintiff sued for the sum of $1,112.25.    By cross-complaint the defendant demanded judgment against plaintiff in the sum of $1,200.    "November 19, 1923, judgment was entered . . . in favor of defendant and against the plaintiff on the complaint and in favor of plaintiff and against defendant on the cross-complaint."    On the following day

1.    See 2 **Cal. Jur.** 586.
2.    See 25 **R. C. L.** 1108.

the "plaintiff filed with the clerk of said superior court a notice of appeal from the judgment on the complaint and on the same date filed with said clerk a request that he prepare the papers on the appeal from said judgment on the complaint in the manner provided by sections 953a, 953b, and 953c of the Code of Civil Procedure." The transcript on plaintiff's appeal, including the reporter's transcript of the proceedings at the trial, was filed in this court April 3, 1924. On January 7, 1924, the defendant filed notice of appeal from the judgment "on the cross-complaint," but has taken no steps to provide a record on his appeal, the only record on file herein being defendant's notice of appeal. Prior to the preparation of the record on plaintiff's appeal its counsel offered to stipulate "that defendant might use the transcript which plaintiff had requested the clerk to prepare for his appeal provided defendant would pay one-half of the cost of preparing said transcript." [1] The defendant declined to so stipulate, but now contends that, notwithstanding the fact that plaintiff has paid the entire cost of preparing such transcript, the defendant has the right to rely on and use the same on his own appeal. The only question presented on this motion is whether the defendant has the right to so use such transcript.

The plaintiff and the defendant have taken separate appeals from different parts of the same judgment. A party desiring to appeal by the alternative method may, in lieu of preparing and settling a bill of exceptions, within ten days after notice of entry of the judgment, file with the clerk "a notice stating that he desires or intends to appeal, or has appealed therefrom, and requesting that a transcript of the testimony offered or taken, evidence offered or received, and all rulings, instructions, acts or statements of the court, also all objections or exceptions of counsel, and all matters to which the same relate, be made up and prepared." The clerk must thereupon require the stenographic reporter to transcribe the phonographic report of the trial. When such transcription is completed, after notice to respective counsel given by the clerk, it becomes the duty of the judge to certify to the truth and correctness of the transcript. "The respondents on said appeal may at the time said transcript is presented for settlement and allowance, require the insertion therein of such other papers, files, documents, records

and proceedings of said cause as they then desire to have incorporated therein, and the said papers, files, documents, records and proceedings shall when so incorporated be deemed fully authentic for use on said appeal. The parties may by stipulation omit any matters from said record which they desire to so omit.'' (Code Civ. Proc., sec. 953a.) A transcript so prepared and certified may fully and fairly set forth every part of the record material to the determination of the issues raised by the appeal of one party and, at the same time, be wholly insufficient to cover the issues presented on an appeal by the other party. One party may perfect his appeal and file his transcript in the appellate court before the other party gives notice of his appeal. If in such case the second appellant has the right to rely on and use the transcript filed in the other appeal, the first appellant, respondent in the second appeal, may find himself bound by a record prepared without the grounds of that appeal in view and inadequate to the proper determination thereof. [2] The parties may stipulate that their separate appeals may be heard on a single transcript. In such case, the stipulation is, in effect, that the transcript is sufficient for the determination of both appeals. Whether or not the record in this particular case is sufficient is immaterial, because the question under consideration is one of statutory construction.

In *Fair* v. *Stevenot*, 29 Cal. 486, it was held that where both parties appeal from different parts of the same judgment, and they do not stipulate that either transcript may be added to the other, each appeal must be heard on its own transcript. To the same effect is the decision in *Gates* v. *Walker*, 35 Cal. 289. In *Estate of Bell*, 157 Cal. 528, 532 [108 Pac. 497, 498], it is said: ''There is no rule or statute authorizing an appellant to dispense with the filing of a transcript by making reference to a transcript on file in another appeal. Nor do we find any case in which it has been held that the appeals of separate independent appellants should be embodied in a single transcript. . . . In such case the necessity for filing a second transcript might be obviated by a stipulation of all the parties.'' It is clear that appellant's position is untenable.

The appeal is dismissed.

Plummer, J., concurred.