[L. A. No. 10091. In Bank.—March 28, 1928.]

W. J. BRYANT, Appellant, v. HERBERT C. KELLY et al., Respondents.

A. G. Reily for Appellant.

Herbert C. Kelly for Respondents.

WASTE, C. J.—The respondents move to dismiss three appeals, to wit, an appeal from an order sustaining a de-

murrer to the amended complaint, an appeal from an order striking out certain portions of the amended complaint, and an appeal from the judgment entered after demurrer sustained without leave to amend. ■ The respondents move to dismiss the first two appeals upon the ground that the orders therein concerned are not appealable orders. In making this contention, the respondents are correct. (2 Cal. Jur., pp. 156, 157.)

■ It is urged that the appeal from the judgment should be dismissed, or the judgment affirmed, upon the ground that no transcript had been filed within the time required; that the transcript on file is not properly indexed, and that no part of the record has been printed in appellant's brief, or in any supplement appended thereto. The appellant filed two separate and distinct notices of appeal, the first stating that he appealed from the two nonappealable orders above referred to; the second, that he appealed from the judgment there rendered. It appears, however, that appellant filed but one request for a transcript, that filed in connection with the attempted appeal from the nonappealable orders. Respondents urge, therefore, that there is no transcript properly before the court in connection with the appeal from the judgment. The cases relied on, *Goyhinech* v. *Goyhinech,* 80 Cal. 410 [22 Pac. 175], and *Soule Co.* v. *Severtson,* 68 Cal. App. 46 [228 Pac. 351], correctly state the rule when applied to the facts there involved, but are not applicable to this appeal. There is here but the one appealing party, and there is before the court a transcript of the proceedings had in the lower court which fully enables this court to pass upon the merits of the appeal from the judgment. Where the request for a transcript is merely defective, and a proper and sufficient transcript is duly presented, we will not dismiss the appeal for that reason. (*Lynch* v. *Coe,* ante, p. 422 [264 Pac. 747].)

The index to the transcript is, it is true, somewhat meager; still, it is an index, and draws attention to the principal portions of the record.

■ Respondents' further motion to dismiss the appeal from, or to affirm, the judgment is made upon the ground that the appellant had not complied with the requirements of section 953c of the Code of Civil Procedure, which provides that, in filing briefs on appeals, taken on a typewritten

record, the parties must print in their briefs, or in supplements appended thereto, such portions of the record as they desire to call to the attention of the court, and on which they rely to justify a reversal of the judgment or order appealed from. It will be presumed that an appellant has done so (*Schurman* v. *Look*, 190 Cal. 113 [210 Pac. 816]), but if he fails to do so he incurs thereby the risk that the judgment or order appealed from may be affirmed on motion. (*Jeffords* v. *Young*, 197 Cal. 224, 229 [239 Pac. 1054].) The record on appeal in this case consists of 190 typewritten pages. The amended complaint covers 34 pages without the exhibits attached thereto, one of which, comprising the clerk's and reporter's transcripts of the proceedings in a former action, including a number of exhibits, consists of 133 pages. Yet the appellant has printed in his brief but eight very short extracts from the record, all of them being fragmentary quotations from the exhibits to the amended complaint. Appellant must be credulous to think that the court can be induced by him to believe that this "little leaven leaveneth the whole lump." We are not called upon to make an independent examination of the record necessary to determine whether or not it does.

Motions to affirm judgments for failure to print, as required by section 953c, *supra*, are granted or denied according to the peculiar facts of each case. For a decision involving the point in this case last discussed, see *Dahlberg* v. *Dahlberg*, 202 Cal. 295 [260 Pac. 290].

Respondents' motion to dismiss the appeal from the order sustaining defendants' demurrer to the amended complaint, and to dismiss the appeal from the order granting the motion of defendants to strike out certain portions of the amended complaint are, and each is, granted. The motion to affirm the judgment is also granted.

Langdon, J., Shenk, J., Seawell, J., Richards, J., Preston, J., and Curtis, J., concurred.