ANTILLAS ELECTRIC CORPORATION, Plaintiff, Appellant and Appellee, *v.* MUNICIPALITY OF ARECIBO, Defendant, Appellee and Appellant.

No. 8115. Argued January 12, 1940.—Decided February 7, 1940.

*Carlos J. Torres* and *Armando A. Miranda* for plaintiff-appellant. *Luis Mercader* for defendant-appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Both parties appeal from a judgment on the pleadings in an action brought against the Municipality of Arecibo. Defendant-appellant has filed a transcript of the record. Plaintiff-appellant has filed a certified copy of its notice of appeal, and has moved for permission to adopt the transcript filed by defendant-appellant. The only objections interposed by defendant-appellant are these:

(*a*) The court has not yet decided any case to be taken into consideration in connection with the ulterior claim for costs.

(*b*) Defendant-appellant will move to dismiss plaintiff-appellant's appeal on the ground that when the notice of appeal was filed the time within which plaintiff-appellant could take an appeal had expired.

(*c*) Plaintiff-appellant has filed a motion to dismiss defendant-appellant's appeal.

(*d*) The situation is such that plaintiff-appellant perhaps should have sought an agreement with defendant-appellant as a matter of courtesy, instead of moving for a compulsory order.

Plaintiff-appellant's appeal involves only a pronouncement as to costs. The judgment was for $3,743.89, with interest at the legal rate, and costs exclusive of attorney's fees. In the absence of any explanation, defendant-appellant's first objection, if it has any merit, would seem to be —as far as we understand it—both beside the question, and premature. The same may be said of the second and third objections.

The fourth ground of objection presents a more serious question, or would present a more serious question were it not for the fact that in neither appeal is any statement of the case required and the further fact that the municipality presumably paid nothing for its transcript. See Laws of Puerto Rico 1938, 227.

In *Pardo* v. *Pardo,* 19 P.R.R. 1125 this court said:

". . . . Unless the parties agree to present a single record the necessity, when there are cross appeals, for submitting separate transcripts and especially separate statements of facts may be readily shown. The evidence indispensable for the purpose of one appeal may be useless for the cross appeal and viceversa. When husband and wife are each suing for divorce, as here, the possibilities are perhaps more striking. The facts of the alleged wrong-doing of the one may be entirely independent of the alleged wrong-doing of the other. While the wife might be entirely satisfied with the statement of facts prepared by the husband to support his appeal the husband might need an entirely different set of facts to defend the judgment rendered in his favor. He had a right to be heard to suggest amendments, changes and additions."

From the opinion in *Estate of Bell,* 157 Cal. 528, 531, we take the following extract: (Italics ours)

"The reason for the taking of a separate appeal by the National Bank of D. O. Mills & Co. was that Mr. Leicester, on behalf of Louisa J. Thompson, refused to join said National Bank in taking an appeal. Before the filing of a transcript on either appeal, Mr.

Leicester, at the request of Mr. Allen, wrote a letter to Mr. Blakeman, requesting him to stipulate that both appeals might be heard on a single transcript. At that time the transcript on the appeal taken by Louisa J. Thompson and others (No. 4582) had already been printed and by adding thereto a copy of the notice of appeal of the said National Bank, the same would have become a full and correct transcript for use on the appeal numbered 4583. Mr. Blakeman replied by a letter stating that he would not stipulate as requested, as he might prejudice his rights by so doing. Mr. Leicester then wrote to Mr. Blakeman offering to stipulate in such manner and form as to protect any rights of Mrs. Bell to object to either of said appeals, and stating that any form of stipulation would be satisfactory to his firm if it would permit the hearing of both appeals on one transcript. To this Mr. Blakeman replied that he declined to sign any stipulation in the matter or to consent that said appeals might be heard on one transcript. Thereupon the National Bank of D. O. Mills & Co. prepared and filed its separate transcript.

"This showing fully justified the court below in charging the cost of printing the additional transcript to the unsuccessful party. It is, of course, true, as claimed by appellant, that only such costs as are necessary should be allowed. (*Bank of Woodland* v. *Hiatt,* 59 Cal. 580; *Miller* v. *Highland,* 91 Cal. 103 (27 Pac. 536).) As a party aggrieved, the bank had a right to appeal from the order (*Estate of Fretwell,* 152 Cal. 573 (93 Pac. 283)) and we see no ground for holding that it did not have the absolute right to appeal separately, if it so desired. Be that as it may, the taking of a separate appeal was made necessary here by the refusal of another party to join the National Bank in appealing. Under the rules of this court (Rule II, 144 Cal. XI, (78 Pac. vii)), it became necessary for the appellant bank to file its transcript within a certain time after the filing of its notice of appeal. There is no rule or statute authorizing an appellant to dispense with the filing of a transcript by making reference to a transcript on file in another appeal. Nor do we find any case in which it has been held that the appeals of separate independent appellants should be embodied in a single transcript. This course appears to have been followed in *Emeric* v. *Alvarado,* 64 Cal. 529, (2 Pac. 418), but the decision neither holds nor intimates that it is the duty of the different appellants to unite in the filing of a transcript. In *Sharon* v. *Sharon,* 68 Cal. 326 (9 Pac. 187), the court was dealing with several appeals taken in one case by the same party. Indeed, it is difficult to see how one ap-

pellant can compel another to unite with him in the printing and filing of a transcript. In such case the necessity for filing a second transcript might be obviated by a stipulation of all the parties. Here the appellants in the two appeals offered to make such stipulation, but the respondent refused to join. It does not lie in her mouth, after such refusal, to complain that an additional transcript was printed and filed. If she had been willing to have the two appeals considered on a single record, her assent to the proposed stipulation would have accomplished the purpose. Her conduct was the direct cause of the printing and filing of two transcripts, and the resulting burden properly falls upon her. It is suggested that the National Bank might have obtained from this court an order that the two appeals be heard on a single transcript. There is no rule providing for such order. It is at least doubtful whether it would be made *over the objection of a respondent insisting that the filing of separate transcripts is essential to the protection of his rights.* At any rate, where such insistence has influenced the action of the appellant in filing his transcript, the respondent should not be permitted, after the disposition of the appeal, to shift his position and claim that the filing was unnecessary.''

In *Franqui* v. *Fuertes Hnos.*, 44 P.R.R. 690, 691, the record brought up by defendant-appellant consisted ''of copies, certified by the clerk, of the judgment which decided the case, the memorandum of costs and disbursements, the opposition thereto, the order of the court, the notice of appeal, and the transcript of the evidence certified by the stenographer and approved by the trial judge''. At page 705 this court said:

''The plaintiff also appealed from the order fixing the fees at $600. On March 15, 1932, the defendant moved for a dismissal of the appeal on the ground that the transcript of the evidence had not been filed. The plaintiff opposed the dismissal, on the basis of a certain order entered by the lower court, to the effect that the same transcript should serve for both appeals, and the question was decided in the manner set forth in our opinion of April 8, 1932, which is part of the record.

''The defendant moved for a reconsideration, and both parties were heard on the motion at the hearing on the merits of the appeal. As a result of the new arguments of the defendant, and of a greater

elucidation of the facts as they actually occurred, and since the plaintiff did not agree to pay her share of the cost of the transcript, we must conclude that there was no proper basis for the entry of the order by the lower court, and that it can not benefit the plaintiff.

"We insist that separate transcripts should not be filed on cross-appeals from the same judgment, where the records are the same, but we agree that there should be an agreement between the parties as to the payment of the expenses. It would not be just to impose the entire burden of such expenses on only one of the parties.

In the instant case, however, defendant-appellant has filed a complete transcript of the judgment roll. There seems to be no satisfactory reason why plaintiff-appellant should be required to duplicate that transcript. From the objections interposed by defendant-appellant it appears that any attempt to reach an agreement would have been abortive. Plaintiff-appellant should not be required to make such an attempt as a condition precedent to a consideration of its motion. The granting of this motion would not prejudice defendant-appellant in any substantial right.

The question discussed in *Pardo* v. *Pardo, supra,* does not arise in the instant case because the transcript does not include any statement of the case. Defendant-appellant would, of course, be entitled to reimbursement if it had paid for that transcript. The question is whether plaintiff-appellant should be required to pay a proportionate part of what defendant-appellant would have been required to pay but for its statutory privilege or exemption. Neither of the parties has discussed or suggested this question. It is not, however, a mere question of reimbursement. Plaintiff-appellant, we think, is not entitled to share with defendant-appellant its statutory right, but should be required to pay one half of the amount which would have been collected by the secretary of the district court if his fees had been paid.

If plaintiff-appellant within ten days delivers to the secretary of the district court, in revenue stamps to be canceled by him, the amount last mentioned—and files in the

office of the secretary of this court a certificate to that effect—the appeal will be heard and decided on the certified copy of the notice of appeal filed by plaintiff-appellant and on the transcript of the judgment roll filed by defendant-appellant.