ANTILLAS ELECTRIC CORPORATION, demandante, apelante y apelada, *v.* MUNICIPIO DE ARECIBO, demandado, apelado y apelante.

Núm. 8115.—*Sometido:* Enero 12, 1940. *Resuelto:* Febrero 7, 1940.

*Carlos J. Torres* y *Armando A. Miranda,* abogados de la demandante apelante; *Luis Mercader,* abogado del demandado apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

Ambas partes apelan de una sentencia sobre las alegaciones dictada en un recurso instruído contra el Municipio de Arecibo. El demandado y apelante ha radicado una transcripción de autos. La demandante y apelante ha archivado copia certificada de su escrito de apelación y solicita se le autorice a acogerse a la transcripción presentada por el demandado y apelante. Las únicas objeciones suscitadas por el demandado y apelante son:

(*a*) El tribunal no ha resuelto ningún caso para ser tomado en cuenta a los efectos de la ulterior reclamación de un memorándum de costas.

(*b*) El demandado y apelante va a interesar del tribunal la desestimación del recurso presentado por la demandante y apelante porque cuando se radicó el escrito de apelación el término para así hacerlo había expirado.

(*c*) La demandante y apelante tiene radicada solicitud para desestimar la apelación interpuesta por el demandado y apelante.

(*d*) La situación es más apropiada para la demandante y apelante, recurrir al demandado y apelante para acceder a sus pretensiones como una cuestión de cortesía, que no acudiendo al tribunal para lograr un remedio compulsorio.

La apelación de la demandante y apelante envuelve tan sólo el pronunciamiento de costas. Se dictó sentencia por la suma de $3,743.89, más intereses legales, y las costas, excluyendo honorarios de abogado. En ausencia de una explicación, la primera objeción del demandado y apelante, de tener algún mérito, parecería estar—según podemos entender—tanto fuera de la cuestión como prematura. Lo mismo puede decirse de las objeciones segunda y tercera.

La cuarta objeción presenta una cuestión más seria, o mejor dicho, presentaría una cuestión más seria si no fuera por el hecho de que en ninguna de las dos apelaciones se requería la exposición del caso, y además debido a que es

de presumirse que el municipio no pagó nada por su transcripción. Véanse las Leyes de Puerto Rico de 1938, pág. 235.

En *Pardo* v. *Pardo,* 19 D.P.R. 1188, este tribunal dijo:

"...A menos que las partes estén conformes en presentar los mismos autos, en los casos en que ambas son apelantes podrá verse en seguida la necesidad que hay de archivar en la corte transcripciones y especialmente exposiciones de hechos por separado. Puede ocurrir que la prueba que es indispensable para los fines de una apelación no sea necesaria para la otra, y vice versa. Cuando el marido y la mujer ambos litigan por el divorcio como sucede en este caso, es que tal vez llamen más la atención estas posibilidades. Los hechos relativos a la supuesta maleficencia de uno de ellos pueden ser enteramente independientes de aquéllos que hacen referencia a la del otro. Aunque la esposa pudiera estar completamente conforme con la relación de hechos preparada por el marido para sostener su apelación, el marido podría verse en la necesidad de tener que alegar hechos enteramente distintos para sostener la sentencia ya dictada a su favor. Él tenía derecho a ser oído con el fin de proponer enmiendas, cambios y adiciones."

De la opinión emitida en el caso de *Estate of Bell,* 157 Cal. 528, 531, tomamos el siguiente extracto (bastardillas nuestras):

"La razón por la cual el National Bank de D. O. Mills & Co., entabló una apelación separada fué que el Sr. Leicester, en representación de Louisa J. Thompson, rehusó unirse al mencionado National Bank en su apelación. Antes de archivarse la transcripción en una u otra apelación, el Sr. Leicester, a instancias del Sr. Allen, escribió una carta al Sr. Blakeman, suplicándole se allanara a que ambos recursos se vieran por medio de una sola transcripción. Para aquel entonces, los autos de la apelación instada por Louisa J. Thompson y otros (núm. 4582) ya estaban impresos y al agregársele a los mismos copia del escrito de apelación del National Bank, ellos hubieran sido una transcripción fiel y correcta para la apelación núm. 4583. Blakeman contestó por escrito manifestando que no se avenía a la estipulación, toda vez que con ello sus derechos podían resultar lesionados. Leicester entonces escribió a Blakeman ofreciéndole una estipulación redactada en tal forma que protegiera cualesquiera derechos que la señora Bell pudiera tener a objetar

una u otra apelación, e informándole que una estipulación redactada en cualquier forma sería satisfactoria para la firma que él representaba siempre que la estipulación permitiera que se conocieran ambas apelaciones a virtud de una sola transcripción. A esto Blakeman replicó que se negaba a firmar una estipulación en el caso o a consentir en que ambos recursos fueran vistos mediante una sola transcripción de autos. Entonces el National Bank de D. O. Mills & Co. preparó y radicó una transcripción separada.

"Esto justificó plenamente a la corte inferior para condenar a la parte perdidosa al pago de la impresión de la transcripción adicional. Es cierto, desde luego, conforme sostiene el apelante, que sólo deben concederse las costas que sean necesarias. (*Bank of Woodland* v. *Hiatt,* 59 Cal. 580; *Miller* v. *Highland,* 91 Cal. 103, 27 P. 536.) Como parte perjudicada el banco tenía derecho a apelar de la orden (*Estate of Fretwell,* 152 Cal. 573, 93 P. 283) y no vemos razón alguna para que resolvamos que éste no tenía el derecho absoluto de apelar separadamente, si así lo deseaba. Sea ello como fuere, la interposición de un recurso separado se debió a la negativa de la otra parte a unirse al National Bank en la apelación. Bajo las reglas de este tribunal (Regla II, 144 Cal. xl, 78 Pac. vii), el banco apelante se vió precisado a archivar su transcripción dentro de determinado período de tiempo contado a partir de la fecha en que radicó su escrito de apelación. No existe regla o estatuto que autorice a un apelante a omitir la transcripción de autos y a referirse meramente a la transcripción ya presentada en otra apelación. Tampoco encontramos caso alguno en que se haya resuelto que recursos de apelación separados e independientes, deban englobarse en una sola transcripción. Este procedimiento fué adoptado en el caso de *Emeric* v. *Alvarado,* 64 Cal. 529, 2 P. 418, pero dicho caso no resuelve ni indica que es el deber de los distintos apelantes unirse en la radicación de una transcripción. En *Sharon* v. *Sharon,* 68 Cal. 326, 9·P. 187, la corte se confrontó con varias apelaciones interpuestas en un solo caso por la misma persona. Es en verdad difícil ver cómo un apelante puede compeler a otro a que se una a él en la impresión y radicación de los autos. En tales casos se puede obviar la necesidad de radicar una segunda transcripción mediante una estipulación suscrita por todas las partes. En el caso de autos los apelantes en los dos recursos ofrecieron firmar tal estipulación, pero los querellados se negaron a ello. No puede entonces ella quejarse, después de semejante negativa, de que se imprimiera y radicara una nueva transcripción. Si ella se hubiese allanado a que ambos recursos se vieran por una sola transcripción, al asentir

a la estipulación sometídale, se hubiera logrado dicho fin. La conducta de ella fué la causa directa de que se imprimieran y radicaran dos transcripciones, y es propio que cargue ahora con las consecuencias. Se sugiere que el National Bank pudo obtener de este tribunal una orden para que ambos recursos se vieran a virtud de una sola transcripción. No existe regla que autorice semejante orden. Es por lo menos dudoso que la misma fuera dictada *por sobre la objeción de un querellado que insiste en que la presentación de transcripciones separadas es esencial para la protección de sus derechos.* De todos modos, cuando tal insistencia influye para que el apelante radique su transcripción, no debe permitirse a la querellada, después de haberse decidido su recurso, que asuma una posición distinta y sostenga que la radicación de los autos adicionales era algo innecesario.''

En *Franqui* v. *Fuertes Hermanos, S. en C.,* 44 D.P.R. 712, 713, la transcripción elevada por la demandada apelante estuvo formada por ''copias certificadas por el secretario de la sentencia que resolvió el pleito, del memorándum de costas y desembolsos, de la impugnación del mismo, de la resolución de la corte y del escrito de apelación y por la transcripción de la evidencia certificada por el taquígrafo y aprobada por el juez sentenciador.'' Este tribunal dijo en la página 726:

''También apeló de la resolución fijando los honorarios en seiscientos dólares la parte demandante. En marzo 15, 1932, la parte demandada solicitó la desestimación del recurso basándose en no haberse archivado la transcripción de la evidencia. Se opuso la parte demandante invocando cierta orden de la corte sentenciadora dictada a los efectos de que la misma transcripción sirviera para ambas apelaciones y la cuestión fué resuelta en los términos que constan de nuestra opinión de abril 8, 1932, que obra en el récord.

''La parte demandada solicitó reconsideración y ambas partes fueron oídas sobre la moción en el acto de la vista del recurso en su fondo. A virtud de la nueva argumentación de la parte demandada y de un mayor esclarecimiento de los hechos tales como ocurrieron, no habiéndose avenido el demandante a pagar su parte correspondiente en los gastos de la transcripción, precisa concluir que la orden de la corte sentenciadora se dictó sin una base apropiada y no puede favorecer al dicho demandante.

''Insistimos en que no deben radicarse transcripciones separadas para apelaciones contra la misma sentencia en que se trata de

records iguales, pero convenimos en que debe existir un acuerdo entre las partes sobre el pago de los gastos. No sería justo imponer a una sola de ella todo el peso de los mismos.''

Sin embargo, en el presente caso el demandado y apelante ha radicado la transcripción completa del legajo de la sentencia. No parece haber razón satisfactoria alguna por la cual deba exigirse que la demandante y apelante duplique esa transcripción. De las objeciones interpuestas por el demandado y apelante se desprende que toda tentativa para ponerse de acuerdo hubiera resultado infructuosa. No debe exigirse que la demandante y apelante realice semejante tentativa como condición previa a la consideración de su solicitud. El conceder esta moción no perjudicaría ningún derecho sustancial del demandado y apelante.

La cuestión discutida en *Pardo* v. *Pardo,* supra, no está envuelta en el presente caso porque la transcripción no incluye la exposición del caso. El demandado apelante tendría derecho, desde luego, a ser reembolsado si hubiese pagado algo por esa transcripción. La cuestión es si a la demandante apelante se le debe requerir que pague una parte proporcional de lo que el demandado apelante hubiera tenido que pagar a no ser por su privilegio o exención estatutarios. Ninguna de las partes ha discutido ni sugerido este problema. Sin embargo, no es una mera cuestión de reembolso. Creemos que la demandante apelante no tiene derecho a compartir con el demandado apelante el derecho estatutario de este último y que se le debe exigir que deposite la mitad de la suma que hubiera sido cobrada por el secretario de la corte de distrito si sus derechos hubiesen sido satisfechos.

Si la demandante apelante entrega al Secretario de la Corte de Distrito de Arecibo, dentro del término de diez días, en sellos de rentas internas que serán cancelados por él, la cantidad últimamente mencionada—y archiva en la Secretaría de esta Corte Suprema una constancia de que esa condición se ha cumplido—entonces el recurso será visto y re-

suelto con la copia certificada del escrito de apelación radicada por ella, y con la transcripción del legajo de la sentencia archivado por el demandado apelante.