[Civ. No. 2189.   First Appellate District.—February 8, 1918.]

A. SKINKLE, Respondent, v. THE AMERICAN NATIONAL BANK OF SAN FRANCISCO (a Corporation), Appellant.

GUARANTY—PAYMENT OF RENTS UNDER LEASE—CONTEMPORANEOUS ASSIGNMENT—RIGHTS OF ASSIGNEE.—An agreement guaranteeing the payment of rents under a lease does not cover rents due and unpaid at the time of the execution of the guaranty, where by express terms the guaranty is to operate prospectively, and the assignee of the lease under an assignment executed contemporaneously with the guaranty cannot recover prior rents from the guarantor, although the assignment expressly included such rents.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   Geo. E. Crothers, Judge.

The facts are stated in the opinion of the court.

Carter P. Pomeroy, for Appellant.

Houghton & Houghton, for Respondent.

KERRIGAN, J.—This is an appeal from the judgment rendered herein on the judgment-roll alone.   The sole question involved is the proper construction of a guaranty agreement.

The facts as disclosed by the pleadings and findings are as follows: On the third day of August, 1915, one Thomas W. Butcher, being then the owner of certain real property sit-

uated in the city and county of San Francisco, conveyed the same on said day to the Cutting Packing Company, a corporation. At the time of the conveyance the property was subject to a lease for a period of five years from the first day of December, 1914, and the rent thereunder at the time of the conveyance and until the expiration thereof was five hundred dollars a month. By a written instrument executed at the same time as the deed, Butcher formally assigned to his grantee the rents due under the lease that had accrued subsequent to July 1, 1915. On the date of the sale and assignment, installments of rent accruing on the first day of July and on the first day of August, 1915, aggregating the sum of one thousand dollars, were due and unpaid, and the right thereto passed by the assignment to the grantee named. Contemporaneously with the execution of these instruments, one George Downing, the assignor of the plaintiff herein, executed and delivered to the Cutting Packing Company a written guaranty in respect to certain rents due under this lease. This instrument recited at length the terms of the lease and the assignment thereof, the extent of the liability thereunder, and also provided for the deposit of the sum of six thousand dollars with the American National Bank as security for the fulfillment of its terms, and authorized the bank upon receiving written notice from the lessor that any installment of rent was due from the lessees, to pay the same out of the moneys so deposited with it. Thereafter on the third day of November, 1915, the Cutting Packing Company notified the bank by a written communication that the installments of rent due under the lease for the months of July, August, September and October, 1915, were in default, and demanded payment of the same out of the said sum of six thousand dollars so deposited with it, and the bank thereupon paid the amount to the Packing Company. The present action was brought by the plaintiff as assignee of Downing, the guarantor, against the bank to recover one thousand dollars, being a portion of the amount so paid by the bank on account of the installments of rent for the months of July and August, 1915.

The action proceeds on the theory that the guaranty by its terms was only intended to cover installments of rent that might become in default under the terms of the said lease subsequent to the third day of August, 1915, the day of the

execution of the guaranty, and that the bank in paying the installments for the months of July and August exceeded its authority, and, consequently, was liable to plaintiff for the amount of such payment. The trial court so construed the guaranty, and gave judgment to the plaintiff for the amount sued for.

We are of the opinion that the conclusion reached by the trial court was correct.

By its express terms the guaranty operated prospectively only. Counsel for the appellant insists, however, that the guaranty agreement should be read in connection with the assignment of lease, and that the two documents should be construed together. Whether the guaranty agreement be so read or not, it is plain that the intention of the parties was that the guaranty should operate prospectively, and no other effect can be given to its terms and provisions. The assignment of the lease contains express provisions which operate retroactively and prospectively so as to comprehend within its terms monthly rentals from the first day of July, 1915, which passed to the Packing Company. On the other hand, the guaranty agreement, drawn and executed contemporaneously with the assignment, though between different parties, contains express provisions which operate prospectively alone. If the parties intended that the guaranty agreement was to extend to arrears in rent, they certainly would have adopted the same explicit language as they used in the assignment, namely, "all and singular the rents that have or may accrue under and by reason of the terms of said lease or of any part thereof." The difference in the phraseology of the two instruments, considering the circumstances of their execution, shows that the parties had the subject in mind, and affords almost conclusive evidence that it was not the intention to have the guaranty agreement operate retroactively. Therefore, giving the two instruments the construction asked for affords appellant no relief; and standing alone the language of the guaranty agreement is plain and unambiguous and is prospective merely in its operation. In either case, the contract is susceptible of but one construction, and we fail to see how the trial court could have come to a different conclusion upon the subject.

Aside from this, the findings of the court are to the effect that the guaranty was "to secure the payment of rentals to

thereafter become due." This appeal is on the judgment-roll alone, and we cannot know upon what evidence, aside from the lease and assignment, the finding may be based, and we must upon this appeal accept such finding, in the absence of attack, as conclusive and final.

It is further argued that, irrespective of the construction that may be given to the guaranty agreement, the bank cannot be held liable for making payment of the installments of rent in question, for the reason that its action in so doing was based upon a mere misapprehension of the proper legal effect of the guaranty, the instructions in which, it is claimed, were ambiguous. As we have before stated, the terms of the guaranty agreement, upon which alone the bank was authorized to act, were clear and explicit and free from ambiguity. It bound the guarantor to pay rentals that "shall become in default" under the lease upon the amount deposited, and did not purport to guarantee the payment of all rentals therein reserved. The only interpretation permissible by the bank in respect to this provision was that the rentals to be paid were those accruing after the date of the guaranty of August 3, 1915, the date as to which that agreement speaks. The doctrine of *strictissimi juris* applies.

Again, it is contended that the bank was absolved from liability for making the disputed payment by the express terms of the guaranty. What we have already said applies with equal force to this objection. The July installment was due and payable on July 1, 1915, and was in default upon the expiration of that day; the August installment was in default upon the expiration of August 1, 1915. Both these defaults were suffered prior to the guaranty agreement becoming operative, and the bank had no authority to make the payment, nor was it absolved in so doing by the agreement.

For the reasons given, the judgment is affirmed.

Lennon, P. J., and Beasly, J., *pro tem.,* concurred.