[Civ. No. 2903.   First Appellate District, Division Two.—October 23, 1919.]

## GEORGE O. RICH, Appellant, v. MOSS BEACH REALTY COMPANY (a Corporation), Respondent.

[1] FINDINGS—FACTS IN ISSUE.—Findings should be confined to the facts in issue, the province of the court being to determine but not to raise issues.

[2] APPEAL—UNSUPPORTED STATEMENTS IN BRIEFS. — An appellate court will not consider statements in briefs which find no support in the record on appeal.

[3] ID.—ACTION FOR COMMISSIONS—CONFLICTING FINDINGS—MISCARRIAGE OF JUSTICE.—In an action for the balance due on an open book account for commissions claimed by the plaintiff for making sales of land owned by the defendant a finding that the plaintiff had a written contract entitling him to thirty-five per cent of the selling price of lots conflicts with a finding that the reasonable value of the plaintiff's services was twenty-five per cent of the selling price of the lots, but in no case in excess of the amount paid by the purchasers, and on appeal on the judgment-roll alone from a judgment based on the latter finding the appellate court cannot disregard either of these findings or say that the plaintiff is entitled to a judgment in accordance with the

first of the two findings, but if the first finding is correct, judgment in accordance with the second finding constituted a miscarriage of justice.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Geo. A. Sturtevant, Judge. Reversed.

The facts are stated in the opinion of the court.

Ross & Ross and J. J. Lermen for Appellant.

J. E. Pemberton for Respondent.

BRITTAIN, J.—The appeal is on the judgment-roll alone. The suit is for the balance due on an open book account for commissions claimed by the plaintiff for making sales of land owned by the defendant. The answer was twice amended. In the answer on which the parties went to trial the debt was denied, and a counterclaim also alleged to have been on an open book account was set forth. The case was tried by the court without a jury on June 1, 1916, and it was found that the defendant was indebted to the plaintiff in the sum of $2,672.35, which sum was about one hundred dollars less than the plaintiff claimed, and it was further found that none of the allegations of the answer or counterclaim was true except the allegation of corporate existence of the defendant. Judgment was entered in favor of the plaintiff for the amount found to be due with interest, the aggregate being $3,257.78.

Motion for new trial was granted on September 29, 1916, at which time no appeal from the order was permitted. (Code Civ. Proc., sec. 963.) The order limited the new trial to "the single issue as to the value of the services rendered by the plaintiff, in his complaint alleged to have been performed, no evidence having been offered or introduced by either party as to the reasonable value of said services, but that as to all other issues said motion for new trial was denied."

According to the new findings, prior to July 1, 1909, the defendant entered into a written contract with the plaintiff employing him as agent to sell its subdivision of real property "for a commission of thirty-five (35%) per cent of the selling price of the property so sold by him"; and,

that pursuant to said contract the plaintiff secured various persons who offered to buy different parcels of land and the defendant entered into a written contract of purchase and sale with each such person. Then follows in the findings a statement showing a list of names of twenty-five purchasers, the purchase price of the respective lots agreed to be paid by them in their written contracts with the defendant, the amounts respectively paid by them, and the amounts paid on account of commissions in each instance. The aggregate purchase price was $14,540.50; the amount of commissions at thirty-five per cent would have been $5,190.17. The table showed the purchasers had paid on their contracts $5,145.88; the plaintiff had received $2,413.39; the difference between this amount and thirty-five per cent of the purchase price is $2,776.78. The court further found that the reasonable value of the plaintiff's services "is twenty-five per cent of the purchase price under each contract, not exceeding, however, the amount received by the defendant on account of the purchase price under the respective contracts of purchase," which amount was found to be $2,639.58 on account of which the plaintiff had received $2,413.39 theretofore paid him, leaving a balance of $226.19. The court expressly repeated the findings concerning the untruthfulness of the defendant's answer and counterclaim. The judgment was for $226.19 and interest, making a total of $311.43. There was no express finding concerning the balance due on the alleged open book account. In support of the judgment it is argued that such a finding must necessarily be implied.

The appellant argues that the finding in regard to the reasonable value of the services was outside of any issue raised by the pleadings and that it should be disregarded. [1] The rule is that findings should be confined to the facts in issue, the province of the court being to determine but not to raise issues. (*Burnett* v. *Stearns*, 33 Cal. 468; *Ortego* v. *Cordero*, 88 Cal. 221, [26 Pac. 80]; *Rudel* v. *Los Angeles Co.*, 118 Cal. 286, [50 Pac. 400]; *Riverside etc. Co.* v. *Gage*, 108 Cal. 240, [41 Pac. 299].) Under the order granting the motion for new trial upon the single issue of the value of the services, the plaintiff went to trial. The appeal being on the judgment-roll alone, it does not appear what objection, if any, the plaintiff made at that time.

In support of the judgment and in the absence of any showing to the contrary, it might be inferred that the plaintiff waived objection which might possibly have been made to the trial of that issue. Similarly from the findings it might be inferred that on the trial of that issue, the written contract between the plaintiff and the defendant was introduced in evidence and that other evidence was introduced. None of the evidence is before this court. It may be that there were matters presented for the determination of the trial court upon which, upon proper findings, the second judgment might have been supported.

On behalf of the respondent a brief has been filed in which are unsupported statements of fact concerning the relationship of the parties and the validity and construction of the contract which the trial court found was made. [2] The rule that an appellate court will not consider statements in briefs which find no support in the record on appeal is too well established to require citation of authority. There are other unsupported statements in the respondent's brief which are denied in the closing brief of the appellant. There is nothing in the record by which this issue of fact can be determined by this court. Based on these unwarranted statements in the respondent's brief is the argument that the appellant has not made it to appear on this appeal that justice has miscarried, and that the judgment ought to be affirmed under the provisions of section 4½ of article VI of the constitution. [3] In the absence of any evidence, it appears the finding that the plaintiff had a written contract entitling him to thirty-five per cent of the selling price of lots conflicts with the finding that the reasonable value of plaintiff's services was twenty-five per cent of the selling price of the lots, but in no case in excess of the amount paid by the purchasers. This court cannot disregard either of these findings. In view of the conflict it cannot say that the appellant is entitled to a judgment in accordance with the first of the two findings, but if the first finding is correct, it would clearly appear that there was a miscarriage of justice in rendering judgment in accordance with the second finding.

The judgment is reversed.

Langdon, P. J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 22, 1919, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 22, 1919.

All the Justices concurred, except Melvin, J., who was absent.