[Civ. No. 4010. Second Appellate District, Division Two.—December 19, 1923.]

EDMUND WELCH, Plaintiff and Respondent, v. EDWARD H. ALCOTT et al., Appellants; IMPERIAL VALLEY FARM LANDS ASSOCIATION et al., Defendants and Respondents.

[1] PARTNERSHIP—ACCOUNTING—DISSOLUTION—JUDGMENT—FINDINGS—EVIDENCE.—In an action for the dissolution of a partnership and for a partnership accounting, the conclusions of law and the judgment in favor of plaintiff are unsupported where an item of credit appears therein which is not to be found in the findings and is not based upon any evidence in the case.

[2] ID.—TRUST FUNDS—EQUITY—JUDGMENT—EXECUTION.—In such an action, where it appears without dispute that a certain fund had been created and exists in the hands of the defendant title company as trustee, and the dispute is merely as to its division between the partners, the entire matter is within the jurisdiction of the trial court as one of equity to direct such trustee as to the distribution of the funds in its hands, and no order for execution against the property is warranted.

APPEAL from a judgment of the Superior Court of Los Angeles County. Edwin F. Hahn, Judge. Modified.

The facts are stated in the opinion of the court.

Clyde R. Burr, Elvon Musick, H. C. Allen, Jr., and I. H. Prince for Appellants.

Prescott & Prescott, Frank C. Prescott and Frank G. Falloon for Plaintiff and Respondent.

CRAIG, J.—Appeal by defendants Edward H. Alcott and Title Insurance and Trust Company, a corporation, from judgment after a second trial between the parties following a reversal by the supreme court and order remanding "for a new trial upon the issues as to the Hendricks deal only." (*Welch* v. *Alcott,* 185 Cal. 731, 762 [198 Pac. 626].)

The plaintiff and defendant Alcott were copartners until May 23, 1914, when an action for dissolution and accounting was instituted, and were engaged in establishing a town site and selling real estate embracing what is known as Niland, in Imperial County, and described as the southeast quarter (SE. ¼) of section four (4), township eleven (11) south, range fourteen (14) east, San Bernardino meridian. The findings made at the former trial, as affirmed, recite that "the defendant Edward H. Alcott on the 13th day of March, 1914, granted and conveyed in trust to the defendant Title Insurance and Trust Company, a corporation, the said townsite hereinbefore described, the said defendant Title Insurance and Trust Company being therein named as trustee to carry out the provisions of a certain declaration of trust of the same date and being described as Trust No. 3152, and that the said defendant, Title Insurance and Trust Company, a corporation, did, on the 13th day of March, 1914, execute a declaration of trust described as said Trust 3152, whereby the said defendant Title Insurance and Trust Company undertook and agreed that the said townsite hereinbefore described should be improved, the cost of improvements paid out of a certain improvement fund therein provided for, and should hold the said townsite to sell the lots thereof at prices not less than those indicated in the schedule of selling prices attached to said declaration, and to receive amounts collected by the First National Bank of Brawley and to disburse all moneys coming into the hands of said trustee in the manner provided in said declaration."

It was further found that of the personal property belonging to said partnership there was in the hands of said trustee, to the credit of the defendant Alcott, the sum of $5,158.19 in cash.

One of the questions before this court arises from a state of facts related in the opinion of the supreme court, as

follows: ''Appellant attacks the finding in the Hendricks deal which is to the effect that a sale was attempted in the business of, but no commission was made for the partnership. The complaint alleged the deal was made in the business of the partnership and a commission of two hundred dollars was earned 'and the same accounted for in the partnership.' The answer denies the deal was for the partnership and alleges it was 'made by the plaintiff alone for his own account'; that appellant had nothing to do with it, nor did he claim or receive any part of the commission received by respondent. The commission does not appear in the accounting. Respondent testified the deal was made by him and Carroll Owen and that he, respondent, got all the commission and 'it was accounted for in the partnership.' Appellant's testimony follows the answer. The finding is that the partnership did not earn the commission. All the evidence, however, shows respondent actually received the commission and retained it. The finding is therefore contrary to the complaint and the evidence. It was developed in the direct examination of respondent that an action brought by Hendricks against him alone for the recovery of the commission on the ground of fraud was pending. It is not made to appear, however, whether this action is responsible for the finding. A new trial of this issue is necessary.'' The trial court in due time accordingly proceeded to a hearing, at which time the previous findings and judgment, in conjunction with the opinion of the supreme court, were reviewed by the court and respective counsel, but no additional evidence was adduced. The court there announced: ''As I take it, this court at this time is bound by the decision of the Supreme Court that there was a copartnership. Whatever is tried now is tried upon the law as established there. It is a copartnership. I take it the only two questions I can possibly see would be whether he did receive the $200, and that is admitted; second, whether or not he paid it back.'' It appears that the plaintiff, though claiming to have repaid the amount, offered to renounce credit therefor, and tendered the full sum of $200, whereupon the court ordered that findings be prepared and served. The findings of fact as they appear

in the record brought here include the following assets of the partnership:

"Dishes and tents

"Rug

"Office furniture

"Owens notes, with First Nat. Bank...........$3000.00

"Cash belonging to said partnership, with trustee,
      Title Insurance & Trust Company, to credit
      of E. H. Alcott, now on hand............. 5158.19"

Notwithstanding the remarks of the court, and its findings, the conclusions of law recite that the office furniture is of the value of $3,000, which amount is added to the assets found belonging to the partnership, and the judgment accords with the conclusions of law, in this respect. Cash in the sum of $3,725, which includes the Owens notes, is found to be in the hands of the First National Bank, thus making the total value of the personal property of the copartnership $11,883.19. Liabilities in the sum of $2,569.71 are deducted, leaving a balance of $9,313.48, one-half of which, or $4,656.74, is adjudged to be due each copartner. Certain credits due the defendant Alcott are then debited against the amount thus allowed the plaintiff, and it is finally adjudged and decreed that the share of the plaintiff is $3,164.58.

Said judgment directs that the defendant Title Insurance and Trust Company render an account to the plaintiff for an equal one-half of all rights heretofore vested in defendant Alcott, since the latter was shown to be the trustor of the trust property held by said company. The judgment concludes: "that execution issue hereon against defendants Edward H. Alcott, Title Insurance and Trust Company, a corporation, First National Bank, a corporation, in the sum of $3,164.58, together with costs of retrial amounting to $5.00."

The trust company appeals from the judgment upon the ground that the previous judgment, as affirmed by the supreme court, did not authorize the trial court in holding it liable to the plaintiff to account as a trustee for any amount outside of the partnership assets, there being no finding that it was guilty of a breach of trust; that all it can be required to do is to execute the provisions of the trust and pay the plaintiff his share when entitled thereto.

Defendant Alcott appeals from the judgment, and complains that the findings of fact and conclusions of law are materially different; that neither in the evidence nor in the findings is the furniture shown to be of any value, though this sum is in the conclusions and judgment added to the true valuation of the assets, and plaintiff Welch allotted one-half of this greater amount, thus diminishing by $1,500 the share of defendant Alcott. This defendant also complains of the judgment directing execution against him personally for the full amount of the share of the plaintiff. It was subsequently stipulated between all the parties except the defendant Title Insurance & Trust Company that no judgment be taken or execution issued against the First National Bank.

The only response of the plaintiff and respondent upon this appeal is that the defendant Title Insurance and Trust Company entered into a like stipulation with him; but the title company replies that the same was not filed because some of the parties to the cause declined to sign it. At all events, no such stipulation is before the court, and we cannot consider it, except, perhaps, as having a bearing upon the contention of plaintiff that because of this stipulation the defendant title company if successful here should not be allowed his costs herein as against him. Upon that point it is clear that a proposed agreement signed by some of the parties to the action constituted no more than a mere offer to stipulate, and when refused by the others it acquired no binding force upon any party.

[1] The briefs of counsel contain much discussion concerning matters upon which the record fails to furnish any light, such as the service upon appellants by respondent of conclusions of law claimed to have been at variance from those which the court signed; also an alleged stipulation which it is admitted was never fully executed or filed. It is obvious that these matters cannot be considered upon this appeal. As the record exists we have a simple case of conclusions of law and a judgment unsupported by the findings, in that an item of $3,000 appears in the former which is not to be found in the latter.

[2] The only additional question necessary for us to determine is with respect to that part of the judgment which directs that execution issue against the three defendants.

64 Cal. App.—50

It is a fact conceded in the record, not contested in any way, and appearing in the findings, that a certain fund had been created and exists in the hands of the title company, and that the dispute is merely as to its division between the plaintiff and the defendant Alcott. Under such circumstances the entire matter is within the jurisdiction of the court as one of equity to direct the trustee as to the distribution of the fund in its hands, and no order for execution against the property is warranted.

In accordance with these views it is therefore ordered that the superior court modify its judgment by eliminating therefrom the item of $3,000, and also the provision directing execution against the defendants; and that appellants recover their costs on this appeal.

Finlayson, P. J., and Works, J., concurred.