[Civ. No. 4975. First Appellate District, Division One.—July 29, 1925.]

JOHN MURPHY et al., Respondents v. LUTHY BAT-
     TERY COMPANY (a Corporation) et al., Defendants;
     OMER DENNY et al., Appellants.

[1] LEASES—GUARANTY OF ENTIRE RENTAL—ASSIGNMENT BY ONE OF ORIGINAL LESSORS—LIABILITY OF GUARANTORS—CONSTRUCTION.— The assignment by one of two original lessors of his interest in a lease and a guaranty guaranteeing payment of the entire rental, which guaranty was executed contemporaneously with the lease, as part of the same transaction and in consideration for the execution of the lease, did not release the guarantors from the obligation of the guaranty, where such guaranty, although it was addressed to the lessors, was not limited by its terms to them personally.

[2] ID.—GUARANTY—ASSIGNMENTS—INFERENCES—INTENT.—It may be fairly inferred from the fact that the guarantors under such guaranty guaranteed the payment of the entire rental for the full term of the lease, that it was intended that the guaranty should inure to the benefit of the assignees of the original lessors, in the event that lease was assigned at any time during the life thereof.

[3] ID.—ASSIGNMENTS—INTENT.—Whether or not a given contract is assignable may be a question of the intention of the parties to be determined by construction of the terms of the contract. Thus, a contract is not to be held assignable where the parties expressly stipulate to the contrary, or where its language excludes the idea of performance by another, or where it was entered into because of special knowledge, skill, or ability of the party or in reliance upon his credit and solvency, and where a performance by another would be an essentially different thing from that contracted for.

---

1.  See 15 Cal. Jur. 732; 16 R. C. L. 934.
2.  See 3 Cal. Jur. 239.
3.  See 3 Cal. Jur. 240; 2 R. C. L. 603.

[4] ID.—OBLIGATION RELATING TO RECEIPT OF MONEY—CONFIDENTIAL RELATIONS.—The obligation guaranteed under such guaranty was one merely relating to the receipt of money; and personal confidence is not ordinarily involved in a right to receive money due or to become due under a contract, and the right is generally assignable without the consent of the other party.

[5] ID.—ATTORNEY'S FEES—LIABILITY OF GUARANTORS.—The lease in question having provided for the payment of a reasonable attorney's fee in the event action was brought to enforce its terms, and the guarantors having covenanted that the lessee or his assigns would pay all rents and perform and execute all the covenants of the lease on his part, such guarantors were chargeable with attorneys' fees in an action brought to recover unpaid rental.

(1) 36 **C. J.**, p. 306, n. 77.   (2) 36 **C. J.**, p. 306, n. 77.   (3) 5 **C. J.**, p. 875, n. 98, p. 877, n. 9, p. 881, n. 23.   (4) 5 **C. J.**, p. 866, n. 39.   (5) 28 **C. J.**, p. 967, n. 1.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Walter Perry Johnson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Edward F. Treadwell and R. S. Laughlin for Appellant Wm. M. Taylor.

Charles S. Wheeler and Charles S. Wheeler, Jr. for Appellants Carlton Earle Miller and Omer Denny.

Norman A. Eisner for Respondent.

KNIGHT, J.—An appeal by defendants Denny, Miller and Taylor from a judgment awarded to plaintiffs for unpaid rental of real property. The appellants were sued and held liable as guarantors of a lease under which said rental accrued. Their sole contention is that they were released from the obligation of guaranty when one of the original lessors assigned his interest in said lease and guaranty to one of the plaintiffs herein.

The facts are not disputed and are substantially as follows: On March 11, 1920, Morris G. Jonas and John Murphy

4.   See 15 **Cal. Jur.** 836.

leased certain premises in San Francisco to Joseph P. Schiller for a term of five years at a stipulated total rental of $19,920, payable in monthly installments of $332, four installments thereof being paid in advance, on the execution of the lease. With permission of the lessors said lease was thereafter assigned by Schiller to defendant Luthy Battery Company, a corporation. The lease provided, among other things, that it should bind the heirs, executors, administrators, successors and assigns of any and all of the parties thereto, and provision was also made therein for the payment of a reasonable attorney's fee in the event action was brought to enforce its terms. Contemporaneously with the execution of said lease, as part of the same transaction, and on the same document, appellants guaranteed the performance of the covenants of said lease on the part of the lessees in a guaranty reading as follows: "In consideration of the foregoing lease or agreement, and One Dollar ($1.00) to us paid, we do hereby covenant, promise and agree to and with the said Morris G. Jonas and John Murphy that the said Joseph P. Schiller or his assigns shall well and truly pay all rents and perform and execute all the covenants therein contained on his part, or on the part of his assigns, and that on his failure, or the failure of his assigns, to do so in any particular, we will forthwith pay in United States Gold Coin unto the said Morris G. Jonas and John Murphy all rents or damages that may happen by reason of such failure, not exceeding the sum of Eighteen Thousand Five Hundred and Ninety-two Dollars ($18,592).

"Dated and signed this 11th day of March, 1920.

"JOSEPH P. SCHILLER.

"OMER DENNY.

"CARLTON EARLE MILLER.

"WM. M. TAYLOR."

On May 21, 1923, Jonas assigned to Emile E. Kahn, one of the plaintiffs and respondents herein, all of his right, title, and interest in said lease and guaranty. After the execution of said assignment the corporate defendant, Luthy Battery Company, failed to pay the rent, and this action was brought by John Murphy, one of the original lessors, and Emile E. Kahn, assignee of Jonas, against said Luthy Battery Company and the guarantors, to recover the rental due on May 23, 1923, part of which accrued prior and

part subsequent to said assignment from Jonas to Kahn. Defendants Schiller and Luthy Battery Company defaulted, but these appellants appeared and defended the action upon the ground that said guaranty did not extend to the benefit of the assigns of the original promisees, and that the assignment of said lease and guaranty from Jonas to Kahn, on May 21, 1923, operated as a release and exoneration of them from any liability accruing subsequent to the date of said assignment; they also denied liability for the arrearages accruing prior to said assignment. The trial court held that plaintiffs were not entitled to recover the rental accruing prior to the assignment from Jonas to Kahn, but held appellants liable · for the amount falling due subsequent to said assignment. Judgment for plaintiffs and against appellant was entered accordingly for the sum of $332, which amount represented the installment of rental falling due after the assignment, and for the further sum of $75, attorneys' fees and costs. The basis for the trial court's ruling against appellants was that the guaranty in question, not being limited by its terms to Jonas and Murphy, the original lessors, was not a special guaranty, but was an assignable chose in action, and that, therefore, appellants were not exonerated from liability by virtue of said assignment from Jonas to Kahn.

[1] We are of the opinion that the conclusions reached by the trial court are sustained by the case of *Reios* v. *Mardis*, 18 Cal. App. 277 [122 Pac. 1091], and that the case mentioned is ˙ decisive of the contentions urged by appellants on this appeal. There the guaranty, like the one in the instant case, was executed contemporaneously with the lease, was made a part thereof, and the express consideration therefor was the execution of the lease. The guarantor there agreed that the lessee would pay the rent and perform the conditions thereof or upon default of the guarantor would hold the lessor harmless to the extent of a certain amount therein specified. Subsequently, the lease and guaranty were assigned, and upon default in payment of rent, suit to collect the same was commenced by the assignees. The trial court sustained a demurrer to the complaint without leave to amend, and judgment was given for the defendant. Plaintiffs appealed. It was contended

by the respondent there, as the appellants are contending here, that the contract of guaranty could not be enforced except by the party to whom it was given; that the guaranty was addressed to the lessor named in the lease without a provision permitting its assignment and therefore was personal to him, and could not be assigned so as to give the assignees a right of action therein.

These contentions were held to be without merit, the court saying: "This contention is based upon the common-law rule which prohibited an assignee from suing in his own name upon a chose in action, or any promise or other liability other than negotiable paper, originally to his assignors. (2 Blackstone, 467, 468; 2 Chitty on Contracts, p. 1357; Daniel on Negotiable Instruments, sec. 1.)

"The common-law rule that a chose in action was not negotiable in the sense that it was transferable so as to enable the assignee to maintain an action thereon has been materially modified, if not entirely superseded, by statute in this state. Save, therefore, as a matter of history, the numerous cases cited by respondents from other jurisdictions, where, in the absence of statutory regulation, the rule of the common-law prevails, have little if any bearing upon the question presented here; and in so far as they are in conflict with the statutory rule in force in this state, must be disregarded.

"The right to recover money by a judicial proceeding is defined to be a thing in action, which, if it arises out of an obligation, may be transferred by the owner without prejudice to any setoffs or other defense existing at the time of or before notice of assignment; and a written contract for the payment of money, even though it be non-negotiable in form, may be transferred with all the rights of the assignor in like manner with negotiable instruments, subject, however, to all the equities and defenses existing in favor of the maker of the contract at the time of the transfer. (Civ. Code, secs. 953, 954, 1458, 1459; Code Civ. Proc., sec. 368.)

"In this state 'Every action must be prosecuted in the name of the real party in interest' (Code Civ. Proc., sec. 367); and whatever the common-law rule, or the reason for its origin, may have been, it is certain that the immediate

effect of the several code sections just cited is to permit
the assignee of a contract of guaranty—which is but a
chose in action—to sue thereon in his own name. (*La
Rue* v. *Groezinger,* 84 Cal. 281 [18 Am. St. Rep. 179, 24
Pac. 42]; *Rued* v. *Cooper,* 109 Cal. 682 [34 Pac. 98];
*Simmons* v. *Zimmerman,* 144 Cal. 256 [1 Ann. Cas. 850,
79 Pac. 451]; *Weir* v. *Anthony,* 35 Neb. 396 [53 N. W.
206]; *Small* v. *Sloan,* 1 Bosw. (N. Y.) 352; *Wood* v. *Farmer,*
200 Mass. 209 [86 N. E. 297]; *First Nat. Bank* v. *Carpenter,*
41 Iowa, 518; see *Cunningham* v. *Norton,* 5 Cal. Unrep. 35
[40 Pac. 491].)

"If the contract of guaranty in the case at bar had been
specifically limited to the lessor named in the lease, there
would have been much force in the contention that the ob-
ligation of the guarantor was purely personal, and that its
assignment, before default of the lessee, operated as a dis-
charge of the obligation. Here, however, there was no
limitation of the guaranty, either expressly or impliedly, to
the lessor personally, and like any other promise made to
him, it could be assigned and sued on by the assignee.   (20
Cyc. 1431, 1483; *Stillman* v. *Northrup,* 109 N. Y. 473 [17
N. E. 379].)"

The same general doctrine as to assignability of choses
in action is set forth as being the law of this state in
California Jurisprudence (vol. 3, p. 236); and in *Union
Collection Co.* v. *Oliver,* 23 Cal. App. 318 [137 Pac.
1082] wherein the defendant Oliver addressed to plaintiff's
assignor an instrument of guaranty in the following form:

"San Francisco, Cal., July 3, 1902.
"Mr. H. J. Miller, City.

"Dear Sir: I hereby guarantee to refund all moneys paid
by you for the purchase of Zubiate stock in twelve months
from date, in the event that you are not satisfied with your
investment.

"(Signed)    DEW. R. OLIVER, President."

The court said upon this particular subject, "Nor is there
any merit in the argument of defendant that the contract
was personal, and therefore unassignable.   The contract does
not provide that it shall not be assigned.   Neither is it in
its nature strictly personal, and therefore unassignable (2
Am. & Eng. Ency., pp. 1010, 1018; 4 Cyc. 22; *Taylor* v.
*Black Diamond,* 86 Cal. 589 [25 Pac. 51])."

In *Stillman* v. *Northrup,* 109 N. Y. 473 [17 N. E. 379], cited approvingly in *Reios* v. *Mardis, supra,* the rule is clearly stated that "in order thus to limit a guaranty the language should be plain and peculiar, and the intention of the parties should not be left in uncertainty." In that case, like here, there was no limitation of the guaranty to the promisee personally. The court in that case further held that "even if the guaranty should be construed as a guaranty of payment to Nelson F. Stillman (the original promisee) it would be a guaranty which he could assign with the mortgage. Like any other promise made to him, it could be assigned and could be enforced by any party to whom it was assigned." To the same effect is the case of *Lindenberg Corporation* v. *Howland,* 115 Misc. Rep. 244 [187 N. Y. Supp. 917], in which it was claimed that a guaranty annexed to the lease, running to the lessor and his "legal representatives," did not include the assigns of the lessor. The court there said, "There is no provision in the lease that the landlord cannot assign it, and providing, as it does, that it shall inure to the benefit of the successors in interest of the landlord, must be read in connection with the guaranty, which refers to the lease, it is a fair and necessary inference that the defendant understood that impliedly if not expressly, the landlord had a right to and might assign the lease, and that his rights thereunder would pass to his assignee his successor in interest."

[2] It will be observed that in the case before us the guarantors guaranteed the payment of the entire rental for the full five-year period of the lease, to wit, the sum of $18,592, from which fact it may be fairly inferred, as the trial court held, that it was intended that the guaranty should inure to the benefit of the assignees of the original lessors, in the event that lease was assigned at any time during the life thereof.

[3] Whether or not a given contract is assignable may be a question of the intention of the parties to be determined by construction of the terms of the contract (*Montgomery* v. *De Picot,* 153 Cal. 509 [126 Am. St. Rep. 84, 96 Pac. 305]). Thus a contract is not to be held assignable where the parties expressly stipulate to the contrary, or where its language excludes the idea of performance by another, or where it was entered into because of special knowledge, skill,

or ability of the party (*La Rue* v. *Groezinger, supra*), or in reliance upon his credit and solvency, and where a performance by another would be an essentially different thing from that contracted for (*Montgomery* v. *De Picot, supra;* 3 Cal. Jur., p. 239). But none of those exceptions are present here, nor does the guaranty in question embrace any relationship of trust and confidence between the guarantors and the original lessors. [4] The obligation guaranteed was one merely relating to the receipt of money. Personal confidence is not ordinarily involved in a right to receive money due or to become due under a contract, and the right is generally assignable without the consent of the other party (*In re Wright,* 157 Fed. 544 [18 L. R. A. (N. S.) 193, 85 C. C. A. 206]). In this connection may be cited the case of *Levy* v. *Cohen,* 103 App. Div. 195 [92 N. Y. Supp. 1074] in which the guarantors guaranteed to a contractor payments to be made on a building contract and which contract was afterward assigned to the plaintiff. In holding that the guaranty was assignable, the court said: "The original contract being assignable, and there being no trust or confidence reposed in Margovitz (the original promisee), the guaranty must be regarded as a general one, and passes with the original obligation, for it is entirely immaterial to whom the money was paid, so long as the contract was performed. (*Everson* v. *Gere,* 122 N. Y. 290 [25 N. E. 492].) Notwithstanding its being a guaranty to pay Margovitz, it is one which he could assign with the principal contract, as was held in *Stillman* v. *Northrup,* 109 N. Y. 480, 481 [17 N. E. 379]."

Appellants endeavor to differentiate the case of *Reios* v. *Mardis, supra,* from the case at bar upon two particular grounds, first, that it appears from the decision therein that the guarantors consented to the assignment of the lease and guaranty; and, secondly, that by the terms of the guaranty there, the agreement was to indemnify the "lessor" against loss; while here the agreement was "to pay to said *Morris G. Jonas and John Murphy* all rents and damages that may happen" by reason of the failure of the lessee and his assigns to pay the rent and perform and execute the covenants of said lease. We believe that neither of those distinctions renders that case ineffectual as a controlling

authority. While it is true the guarantor there did consent to the assignment, its liability as such was not declared by the court upon the theory of either consent or ratification, but was placed upon the broader ground of the right of the promisee to make the assignment. In reference to the second proposition, the case of *Levy* v. *Cohen, supra,* seems directly applicable, wherein it holds that where the contract is assignable, and there is no trust or confidence reposed in the original promisee, the guaranty must be regarded as a general one and passes with the original obligation, for it is entirely immaterial to whom the money is paid, so long as the contract is performed.

The case of *Garfield* v. *Ford,* 191 Cal. 69 [214 Pac. 963] cited, and more or less relied upon by appellants, is readily distinguishable, we think, from the instant case on account of the facts. There the guarantor promised that an intending buyer would pay for goods which should be purchased from the promisee. But no contract of purchase was ever made with, nor were any goods ever delivered by, said promisee. The sale of the goods was actually made by a different individual, and consequently no question of assignability of guaranty arose or was considered. In other words, the guaranty was a mere offer to pay a prospective debt, if the promisee therein named extended the credit (*Herron* v. *Flack,* 46 Cal. App. 374 [189 Pac. 294]), which offer did not become operative until acted upon by the promisee, and the promisee having never acted upon the same, the guaranty did not become effective, and consequently was not transferable (28 Cor. Jur. 943) and could not be converted in a security for the benefit of a stranger.

Appellants also cite and emphasize the case of *Smith* v. *Ottmann,* 127 App. Div. 563 [111 N. Y. Supp. 912]. There the guarantors agreed to indemnify the lessors against default on the part of one Hammond, the lessee. The lessors sought to hold the guarantors liable for the default of the assigns of Hammond. It is at once apparent that this could not be done because as between Hammond and the guarantors there existed a relationship of trust and confidence that did not extend to any other person without the consent of the guarantors. The case of *Bank* v. *Webster,* 70 Okl. 73 [L. R. A. 1918F, 696, 172 Pac. 942] is not in point for the same reason. The case of *Skinkle* v. *American National Bank*

*of San Francisco,* 36 Cal. App. 225 [171 Pac. 967], dealt with a rule of construction, it being held, in that respect, that where there was a contradiction of terms between the main obligation and the guaranty, the terms of the guaranty governed. That situation did not arise here. The case of *Johnson* v. *Quinby,* 62 Cal. App. 137 [216 Pac. 397], is not pertinent to the issues of this case, and the other cases cited by appellant are distinguishable either because of their facts or else they follow the common-law rule against assignability, which, as already shown by the case of *Reios* v. *Mardis, supra,* does not prevail in this state.

[5] The guarantors being liable for the rental due under the lease, they were also chargeable with attorneys' fees for the enforcement of its terms (*Grace* v. *Croninger,* 56 Cal. App. 659 [206 Pac. 130]; *Henne* v. *Summers,* 23 Cal. App. 763 [139 Pac. 907]).

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.