[Civ. No. 7006. Second Appellate District, Division One.—November 16, 1931.]

CALIFORNIA STANDARD FINANCE CORPORATION (a Corporation), Respondent, v. BESSOLO & GUALANO, INC. (a Corporation), et al., Appellants.

Lawrence M. Cahill for Appellants.

Rollinson, McGann, Becker & Nelson, Charles W. Rollinson and Don S. Irwin for Respondent.

HOUSER, J.—The pertinent facts upon which this appeal depends are set forth in the opinion in the case of *California Standard Finance Corp.* v. *Bessolo & Gualano, Inc., ante,*

p. 323 [5 Pac. (2d) 478], this day filed in this court, and to which opinion for said facts reference may be had.

It appears that the greater criticism by the appellant of the judgment rendered by the lower court is leveled not only at the amount of fees allowed to the plaintiff for the attorneys who represented the plaintiff in the action, but as well at the conclusion that the appellant was at all liable for said attorney's fees.

Because, according to the findings of fact which were signed by the judge of the trial court, it appears that the liability of the appellant herein to pay attorney's fees to the plaintiff in said action was identical with that of its co-defendant Fidelity Union Casualty Company, and depended, not upon the original obligation of the appellant herein to do so, as expressed in the promissory note, but upon the separate and independent guaranty of each of such defendants, it is clear that even from such standpoint the contention of this appellant, to the effect that no liability was incurred by it, cannot be sustained. (*San Francisco T. Seminary* v. *Monterey etc. Co.*, 179 Cal. 166 [175 Pac. 693]; *Grace* v. *Croninger*, 56 Cal. App. 659 [206 Pac. 130]; *Murphy* v. *Luthy Battery Co.*, 74 Cal. App. 68 [239 Pac. 341]; *California Standard Finance Corp.* v. *Bessolo & Gualano, Inc., ante,* p. 323 [5 Pac. (2d) 478].) However, in addition thereto, in the second cause of action of the complaint in the action upon which the judgment is founded, the material allegations of the first cause of action set forth in said complaint, by the terms of which the original and primary obligation of this appellant to pay said attorney's fees was clearly averred, were adopted and made a part of said second cause of action, and which allegations the trial court by its findings declared were true.

But the appellant contends that on the trial of the action no evidence was introduced by the plaintiff relative to the reasonableness of the fee which should be awarded to the plaintiff on account of the services which had been performed by its attorneys in connection with the actions, and that without such evidence the trial court had no authority to include in the judgment rendered against the defendants any amount of money as and for such attorney's fees.

Without herein conceding that in the determination by the trial court of the question of what amount of money

should be awarded to the plaintiff in the judgment against the defendants on account of attorney's fees, either expended by the plaintiff, or for which it had become liable, it was necessary that evidence be received by said court with reference to such question—since it appears by the files and records herein that the appeal by this appellant was taken by the so-called alternative method provided by sections 953a, 953b, 953c of the Code of Civil Procedure, and that, in violation of such statutory provisions, no reporter's transcript of the evidence was filed in this court;—as a legal consequence thereof this court is unable to determine what, if any, evidence was placed before the trial court upon which either it did rely, or was authorized to rely, in arriving at the conclusion to which appellant objects. (*Estate of Berry,* 195 Cal. 354, 359 [233 Pac. 330]; *Jeffords* v. *Young,* 197 Cal. 224, 227, 229 [239 Pac. 1054]; *Pearson* v. *Parsons,* 173 Cal. 336, 340 [159 Pac. 1173].) In addition thereto, considering the fact that the appeal is based entirely on the judgment-roll (without any bill of exceptions), it is well-established law that in such situation the merits of the appeal must be tested solely on what is disclosed by an inspection of such judgment-roll. (*Marr* v. *Southern etc. Gas Co.,* 198 Cal. 278, 282 [245 Pac. 178]; *Miller* v. *Yule,* 80 Cal. App. 618, 621 [252 Pac. 737]; *Ensele* v. *Jolley,* 188 Cal. 297, 302 [204 Pac. 1085, 1087], and authorities there respectively cited.)

As is stated in the last authority to which attention has been directed: "This appeal, being upon the judgment-roll alone, no question can arise as to the sufficiency of the evidence to sustain the averments of the complaint and to justify the findings of the court."

In disregard of such rule, the appellant has incorporated in its brief various and sundry statements relating to the evidence or the lack thereof which it is asserted affect the point with reference to the allowance of attorney's fees. Nor does the record herein contain any stipulation or leave of any sort by any of the other parties connected either with this or any other appeal from the judgment in the action, by virtue of which permission is purportedly granted to the appellant either to use or to refer to the, or any, reporter's transcript of the evidence which may have been

filed by its co-defendant in its separate appeal from said judgment.

█    As to the first situation, namely, in the absence of a reporter's transcript of the evidence, statements made by a party to the appeal as to what evidence was adduced on the trial of the action, the authorities are to the effect that in determining the merits of the appeal such statements may not be considered by the appellate court. (*Rich* v. *Moss Beach Realty Co.,* 43 Cal. App. 742, 745 [185 Pac. 859]; *Welch* v. *Alcott,* 64 Cal. App. 781, 785 [222 Pac. 852]; and authorities there respectively cited.)

█    With reference to the second situation, to wit: on an appeal based solely on the judgment-roll, the question of the right of the appellant (without leave of the respondent) to support its contentions by reference to a reporter's transcript filed by a co-defendant on its separate and independent appeal from the judgment—it is stated in the case of *Estate of Bell,* 157 Cal. 528, 532 [108 Pac. 497, 498], that:

". . . There is no rule or statute authorizing an appellant to dispense with the filing of a transcript by making reference to a transcript on file in another appeal. Nor do we find any case in which it has been held that the appeals of separate independent appellants should be embodied in a single transcript. . . ."

However, it is also there intimated that by order of court two separate appeals might "be heard on a single transcript".

The syllabus in the case of *Edward L. Soule Co.* v. *Severtson,* 68 Cal. App. 46 [288 Pac. 351], is a follows:

"Where a plaintiff has appealed from the judgment under the so-called alternative method and has prepared a transcript, a defendant, appealing from a different part of the same judgment, has no right to rely on and use on his own appeal the transcript prepared by plaintiff, in the absence of a stipulation permitting the use of such transcript."

It therefore becomes manifest that in presenting its points on appeal the appellant herein must rely entirely upon what appears in the judgment-roll. Since the appellant has failed to establish the fact that no evidence was received by the trial court relative to the amount of money which should be awarded to the plaintiff on account of attorney's fees, and since every intendment is in favor of the

judgment rendered, it would seem to follow that, irrespective of the asserted merits of the appellant's claim in that regard, the judgment should be affirmed.

The appellant also complains that by the judgment the plaintiff is awarded interest on the principal sum of the promissory note ''at the rate of twelve per cent per annum from and after August 1, 1928'' (the date of the promissory note) ;—which language (as suggested by the appellant) may be construed as authorizing the collection by the plaintiff from the defendant of interest on said judgment at the rate of twelve per cent per annum, instead of at the statutory rate of seven per cent per annum.

Although such language to some extent may be uncertain, it is clear that the respondent is entitled to interest in accordance with the provisions of the promissory note from its date until the date of the rendition of the judgment only, and thereafter at the rate of seven per cent per annum until paid. The provision of the judgment to which appellant has thus taken exception should be and is so construed.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.