[Civ. No. 6867. Second Appellate District, Division One.—November 16, 1931.]

CALIFORNIA STANDARD FINANCE CORPORATION (a Corporation), Respondent, v. BESSOLO & GUALANO, INC. (a Corporation), et al., Defendants; FIDELITY UNION CASUALTY COMPANY (a Corporation), Appellant.

324

Hiram T. Kellogg for Appellant.

Rollinson, McGann, Becker & Nelson, Charles W. Rollinson and Don S. Irwin for Respondent.

HOUSER, J.—From the record herein it appears that Bessolo and Gualano, Inc., a corporation, executed its promissory note for the sum of $15,000 in favor of one Balfour; that later the payee of said note, together with Bessolo and Gualano, each as individuals, executed a guarantee of payment thereof, and thereupon delivered it to the plaintiff, together with a certain bond executed by the defendant Fidelity Union Casualty Company, which purportedly also guaranteed the payment of said note, and which latter instrument was as follows, to-wit:

"Fidelity Union Casualty Company
"Dallas

"No. 79807 Bond
"........No.

"Know All Men By These Presents:
"That we, Bessolo & Gualano, Inc., as Principals, and the Fidelity Union Casualty Company, a corporation, as Surety, are held and firmly bound unto California Standard Finance Corporation, its successors and assigns, in the sum of Fifteen

Thousand & 00/100 ($15,000) Dollars, gold coin of the United States of America, for the payment of which well and truly to be made, we bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally.

"Signed, Sealed and Dated this 15th day of August, 1928.

"Whereas, Bessolo & Gualano, Inc., have executed a note in favor of F. C. Balfour, same being dated August 1st, 1928, in the amount of Fifteen Thousand & 00/100 ($15,000.00) Dollars, due October 30th, 1928, bearing interest at twelve per cent (12%) per annum from date of note, and

"Whereas, F. C. Balfour, has sold said note to California Standard Finance Corporation, and the California Standard Finance Corporation have accepted to purchase said note,

"Now, Therefore, The Condition Of This Obligation Is Such, that if Bessolo & Gualano, Inc., shall pay or cause to be paid to California Standard Finance Corporation, said note for Fifteen Thousand & 00/100 ($15,000.00) Dollars, together with interest as aforesaid, within ninety days from the date thereof, then this obligation shall be null and void; otherwise to remain in full force and effect. It being expressly agreed that the Fidelity Union Casualty Company, does agree to pay said note in accordance with its terms on the due date thereof in the event Bessolo & Gualano, Inc., fails to pay or cause the same to be paid.·

> "Bessolo & Gualano, Inc.,
> "By G. A. Gualano,
> "President
> "By M. Angelor Bessolo, Jr.
> "Sec. & Treas.

"(Seal)  Fidelity Union Casualty Company,
> "By Jay G. Frederic,
> "Attorney-in-Fact."

The promissory note was not paid when it became due and as a result thereof the plaintiff commenced an action against each of said corporations and Balfour, which action allegedly was upon the promissory note, the guarantee and the bond. From the ensuing judgment in favor of the plaintiff, the defendant Fidelity Union Casualty Company has appealed to this court.

It appears that the appellant corporation has its principal office at the city of Dallas, in the state of Texas, but

that the bond which represents the obligation which is the subject of the action was executed by the agent of the appellant at the city of Los Angeles, California.

Several of the points urged by the appellant on this appeal relate to alleged errors said to have been committed by the trial court in admitting in evidence certain testimony which tended to prove the agency of the person who acted in behalf of the appellant in executing the bond in question; also the receipt by the trial court of secondary evidence as to the contents of a certain power of attorney given by the appellant to the person whose agency in the premises was the subject of dispute between or among the several parties to the action; but since by other evidence both the agency of such person and his power in the premises were satisfactorily established, the alleged errors to which the appellant has directed attention either become immaterial or are not of such consequence that because thereof this court would be justified in ordering a reversal of the judgment. (Sec. 4½, art. VI, Const.)

The appellant also contends that, even conceding that the bond was properly executed, no power was conferred on the agent to execute it. On examination of the provisions of the power of attorney under which the agent acted in executing such bond, it is noted that, among other powers therein specified, the agent is thereby authorized to execute on behalf of the appellant corporation "any and all bonds and undertakings, recognizances, contracts of indemnity, and other writings obligatory in their nature."

By perhaps a severe straining of the technical meaning of the more pertinent words of such authorization, and considering them in connection with what may be the bulk of the business of corporations of the character of the appellant, it may be possible to arrive at a conclusion consistent with that for which the appellant contends; but considering the fact that the uncertainty (if any) as to the power of the agent was the result of the act of the appellant, and not that of the respondent—together with the rule that words are to be construed "according to the context and the approved usage of the language" (sec. 13, Civ. Code), and since it is manifest that by the ordinary and commonly understood meaning of the language to which attention has been directed powers were conferred upon the agent to

execute an instrument of the character of that in question, it follows that the contention of the appellant in that regard cannot be upheld by this court.

■ It is further urged by the appellant that since by its bond it only agreed "to pay said note in accordance with its terms on the due date thereof in the event Bessolo & Gualano, Inc., fails to pay or cause the same to be paid"— the trial court erred in awarding judgment to the plaintiff for interest as provided by the terms of the note and for attorney's fees in procuring judgment, also as therein specified.

In principle, the point thus presented is ruled against the contention of the appellant in each of the following cases: *San Francisco T. Seminary* v. *Monterey etc. Co.*, 179 Cal. 166 [175 Pac. 693]; *Grace* v. *Croninger*, 56 Cal. App. 659, 667 [206 Pac. 130]; *Murphy* v. *Luthy Battery Co.*, 74 Cal. App. 68 [239 Pac. 341].

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 14, 1931, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 14, 1932.