[Civ. No. 13443. Second Dist., Div. One. Jan. 29, 1943.]

SELIG CAHN, INC. (a Corporation), Plaintiff and Respondent, v. NATHANIEL W. ALSCHULER, Appellant; YETTA C. CAHN, Cross-defendant and Respondent.

Wm. J. McNichols, Homer C. Millsap and Benjamin Elconin for Appellant.

Arch R. Tuthill for Respondents.

DRAPEAU, J. pro tem.—After a nine-day trial in the superior court findings were made and judgment followed.

The judgment (a) dissolved a joint adventure between plaintiff and defendant for the purchase of two parcels of city property and the improvement of the same; (b) settled, allowed and approved an accounting of the joint enterprise; (c) declared that there were no assets or liabilities and that the joint adventure resulted in a loss; (d) settled and adjusted all claims, liabilities and other matters in connection with it; (e) adjusted a balance due from defendant to plaintiff, and (f) enjoined and restrained the further prosecution of a case pending in the municipal court between the plaintiff and defendant involving the same issues.

From this judgment the defendant appeals on the judgment roll alone.

The findings are lengthy, but to understand this case, it is necessary to refer to some of them. The plaintiff was a widow conducting her business affairs through a corporate *alter ego*. The defendant was an employee of plaintiff.

Plaintiff and defendant made an agreement to purchase two city lots, and to construct thereon houses to be sold. Plaintiff was to provide the capital, and defendant was to use his best endeavors to prosecute the enterprise, and the profits, if any, were to be equally divided.

The real estate was purchased and improved in accordance with the agreement. One of the properties was sold at a profit of $1,779.73, whereupon the plaintiff paid the defendant $889.86, or one-half of the profit upon the first sale.

Then the parties quarreled. The plaintiff discharged the defendant from his employment with the corporation, and in addition took over the completion of the agreement relative to the two lots. Thereafter, the remaining property was sold, at a loss of $3,458.98, or a total net loss on the purchase, improvement and sale of the two parcels of $1,679.25. (Finding XV.)

Upon litigating their differences, the court found that the plaintiff was entitled to recover from the defendant $889.96, being one-half of the profit from the sale of the first parcel. The court also found that there was a total net loss on the purchase and sale of both properties of $1,679.25. Respondent argues that, based upon the findings, the judgment should have followed for the plaintiff for one-half of the net loss of $1,679.25, or $839.62, plus the advance of $889.86.

While findings should be liberally construed and a con-

struction given to them if possible which will uphold rather than defeat the judgment (*Ward* v. *Ward*, 15 Cal.2d 234 [100 P.2d 773]), a reviewing court may not attempt to reconcile irreconcilable findings. (*Randall* v. *Hunter*, 66 Cal. 512 [6 P. 331].) If one part of contradictory findings would support the judgment and another part would necessarily upset it, then the judgment must be reversed. (*Learned* v. *Castle*, 78 Cal. 454 [18 P. 872, 21 P. 11].) ▊ In an appeal upon the judgment roll alone, the appellate court may not disregard either of conflicting findings, and the judgment must be reversed. (*Rich* v. *Moss Beach Realty Co.*, 43 Cal.App. 742 [185 P. 859].) See, also, *Meyer* v. *White*, 54 Cal.App. 293 [201 P. 801]; *Hull* v. *Ray*, 80 Cal.App. 284 [251 P. 810]; *Canfield* v. *Security First National Bank*, 13 Cal.2d 1 [87 P.2d 830], and *Austin* v. *Harry E. Jones, Inc.*, 30 Cal.App.2d 362 [86 P.2d 379].

The judgment is reversed.

York, P. J., and Doran, J., concurred.

A petition for a rehearing was denied February 23, 1943.